## Chester Derrick v. The State.

### No. 4138.   Decided June 23, 1916.

**1.—Local Option—Continuance—Admission by State—Fugitive From Justice.**

Where the State admitted that the alleged absent testimony was true and it was stated to the jury, and the other absent witness was a fugitive from justice, there was no error in overruling the application for continuance.

**2.—Same—Misconduct of Jury.**

Upon trial of a violation of the local option law the statement of one of the jurors that he thought the defendant should be convicted to keep him from raising disturbances, etc., was improper as there was no evidence upon which to base such remarks and would be reversible error if the matter had been properly presented.

**3.—Same—Argument of Counsel—Reversible Error.**

Where State's counsel in his argument to the jury made statements supporting the testimony of the only witness who testified to a sale and there was no evidence in the case supporting such statement of counsel, the same was reversible error.

Appeal from the County Court of Kaufman.   Tried below before the Hon. James A. Cooley.

Appeal from a conviction of a violation of the local option law; penalty, a fine of twenty-five dollars and twenty days confinement in the county jail.

The opinion states the case.

*Carnahan & Ashworth,* for appellant.—On question of misconduct of jury: Hargrove v. State, 26 S. W. Rep., 993; Ellis v. State, 22 id., 135; Mitchell v. State, 36 id., 456; Blocker v. State, 61 id., 391; Kannmacher v. State, 101 id., 23; Tyrone v. State, 180 id., 125.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was convicted of violating the local option law and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail.

There was no error in overruling the motion for a continuance. As to what it was stated was expected to be proven by two of the witnesses, the State admitted such testimony to be true, and it was so stated to the jury. As to the third witness named in the application, he is shown to be a fugitive from justice.

When the motion for a new trial was heard one of the jurors testified that he and two others first voted for an acquittal; that he, Juror Lindsey, did not think the evidence sufficient to show the guilt of appellant; that the foreman of the jury, Mr. Liston, said to the jury, "that he lived near the defendant, and that the negroes down there were accustomed to raising disturbances and he thought defendant should be convicted, and that would break it up." It seems that none of the other

jurors were called, and this was all the testimony heard. The matter is hardly presented in a way, as the bill was not filed until after term time, we would be authorized to reverse the case upon this alone, but inasmuch as we think there is another ground that will necessitate a reversal of the judgment, we call attention to this matter. It was improper to bring such matters before the jury when there was no evidence in the case upon which to base such remarks.

The State made its case by one witness alone. The defendant denied making the sale, and other witnesses testified to facts rendering it highly improbable that appellant did make the sale to the prosecuting witness. His reputation as a peaceable, law-abiding citizen was testified to by witnesses. Counsel for the defendant in their argument attacked the credibility of the State's witness, insisting "that the witness had been broken down and the jury could give no credence to his testimony," etc. In reply to this the county attorney said: "Sam Livingston (the prosecuting witness), on the night he was arrested, told the officers that he bought whisky from appellant, and this was his first chance to tell where he got the whisky; the next chance was before the grand jury, and if he had told a different story there do you suppose they would have returned a bill; and the witness here now makes the same statement he made to the officers when arrested." In the record there is no evidence as to what the prosecuting witness told the officers the night of his arrest, or that any whisky was found on his person, and no evidence as to what he testified to before the grand jury. This was supporting the witness by matters not testified to on the trial, and should not have been permitted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*