NOISY WATSON v. THE STATE.

No. 5881.    Decided December 1, 1920.

**1.—Gaming—Recognizance—Practice on Appeal.**

Where, upon appeal from a conviction of the offense of being interested in a house used for gambling purposes, the recognizance recited that defendant had been convicted of operating a gambling house. the same was insufficient; however, the appellant having been given permission to file the recognizance or bond in terms of the law, and having complied with such permission, the appeal is reinstated and will be disposed of on its merits.

2.—Same—Other Offenses—Evidence—Res Gestae

Where, upon trial of being interested in a house where gaming tables, etc., were kept, etc., for the purposes of gaming. the State introduced testimony. among other things, that the day after defendant was seen at the time of the so-called raid he arrested him and found a pistol on him at the time of the arrest. the admission of said testimony with reference to the said pistol, was inadmissible. as it was no part of the facts necessary to develop the res gestae of the charge of keeping said gambling house.  Following Riggins v. State, 42 Texas Crim. Rep., 472.

3.—Same—Insufficiency of the Evidence—Gaming.

Although the cause must be reversed because of the admission of illegal evidence. the court calls attention to the testimony which is somewhat meager upon the question of defendant's interest in the gambling house; and that the same should be strengthened to make the same sufficient in case of another trial.

4.—Same—Requested Charges—General Reputation.

Upon trial of being interested in a gambling house, there was no error in the court's refusal to give certain special charges, the effect of which was to tell the jury that, while the general reputation might be admissible to show the character of the place alleged to have been occupied, such testimony could not be used to establish defendant's connection therewith. as there was no such testimony as to the general reputation of the place offered.

Appeal from the District Court of Eastland.   Tried below before the Honorable E. A. Hill.

Appeal from a conviction of being interested in a gambling house; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*Mays & Mays,* for appellant.—On question of insufficiency of the evidence: Erwin v. State, 8 S. W. Rep., 275; Hanks v. State, 111 id., 402; Spriggs v. State, 125 id., 27.

On question of general reputation: Machem v. State, 109 S. W. Rep., 126.

On question of admitting testimony as to carrying pistol: Riggins v. State, 60 S. W. Rep., 877; Clark v. State, 128 S. W. Rep., 131.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of defective recognizance and re-instatement of appeal: Cryer v. State, 36 Texas Crim. Rep., 621: Ausbrook v. State, 70 id., 289; White v. State, 151 S. W. Rep., 826.

LATTIMORE, Judge.—Appellant was convicted of being interested in a house and building where gaming tables and banks were kept and exhibited for purposes of gaming, and his punishment fixed at confinement in the penitentiary for two years.

The recognizance made by appellant is insufficient. It states that appellant had been convicted of the offense of operating a gambling house. Fe have no such offense *eo nomine*, and said recognizance does not set out the constituent elements of any offense known to our law.

The appeal is dismissed.

*Dismissed.*

---

### MOTION TO FILE BOND, ETC.

### November 10, 1920.

LATTIMORE, JUDGE.—This case was dismissed at a former day of this term, for want of a sufficient recognizance, and appellant has filed herein his motion, asking for leave to file a new recognizance or appeal bond, under such orders as the court may direct.

Leave is hereby given to appellant to file a recognizance in terms of law, as prescribed by Article 903, of Vernon's Code of Criminal Procedure, if the court below be in session at this time; and if said court be not in session, then leave is given appellant to file his appeal bond in terms of law, as required by Article 904, of Vernon's Code of Criminal Procedure; said recognizance, or bond, as the case may be, to be entered into and filed within fifteen days after the making of this order, and a duly certified copy thereof to be filed with the clerk of this court not later than twenty days after the making of this order.

The clerk of this Court will at once notify the attorneys for the appellant of this order.

*Leave to file recognizance, etc.*

### ON REHEARING.

### December 1, 1920.

LATTIMORE, JUDGE.—This case was dismissed by us at a former time, because of an insufficient recognizance. Appellant having filed a sufficient recognizance, upon motion this case is reinstated, and now disposed of on its merits. The case must be reversed for the admission of certain testimony.

An officer named Thompson, testified that he assisted in what might be termed a raid on the house herein alleged, and seemingly proven to be a gambling house, the same being the house the, keeping of which as a gambling house is herein charged against appellant. In the course of Mr. Thompson's testimony, he stated that appellant was at said place at the time of the raid; he also stated that he arrested

appellant the next day, and found a pistol on him at the time of his arrest. This testimony as to the finding of said pistol on appellant was objected to at the time, and its admission is here urged as error. That appellant had a pistol on the day after the raid seems in no way to shed light on the question as to whether he was interested in keeping said house as a gambling house. It is not shown that he was arrested at his home or at said house, and proof of the carrying of said pistol is not a part of the facts necessary to develop the *res gestae* of the charge of keeping said gambling house. It would inject into the case the commission of a different and extraneous offense by appellant, from which fact no legitimate benefit could result to the State, while it is easy to see that harm might result to appellant.

In Riggins v. State, 42 Texas Crim. Rep., 472, 60 S. W. Rep., 877, evidence was admitted over objection, that on the day after the alleged crime charged against the accused, he was arrested and a pistol found upon him. This Court said in its opinion in that case: "This testimony was not admissible, since it proved a separate and distinct crime against appellant, in no way connected with or dependent upon, or illustrative of the crime for which he was then on trial." The rule is universally adhered to by this Court that evidence of a separate and distinct offense is not admissible upon the trial of one charged with other offenses, unless it come within certain well known exceptions to the general rule against the admissibility of testimony of such extraneous crimes. The testimony in question in the instant case, did not tend to connect appellant with the offense charged against him, nor shed light on his intent or identity, or show any system. We are of opinion that it was inadmissible.

It is urged that the evidence is insufficient. The testimony is somewhat meager upon the question of appellant's interest in the gambling house. There was no proof as to who owned or rented said house, or its furniture, or bought or obtained supplies for said place, or how many persons were habitually about the place, or resided there, or that appellant made it his place of business, or that he did not stay at another and different place in the town of Ranger. Possibly it could not be shown who carried the groceries, or other articles of merchandise to said place, or who hauled out the furniture or paraphernalia, or was otherwise connected with the management, or the running of said establishment. The very strength of the objection on the part of all good citizens to the kind of business being conducted by someone at the place raided by the officers, should lead the State to extra efforts to support a case of this character by substantial proof, so that there be left no question as to whether the verdict be sustained, if obtained.

Appellant makes complaint of the refusal of the court to give certain special charges, the effect of which was to tell the jury that while the general reputation might be admissible to show the character of the

place alleged to have been occupied, such testimony could not be used to establish appellant's connection therewith. The trial court correctly refused said charges, under the facts in this record. There was no testimony offered as to the general reputation of the place; hence, nothing of that kind could have been considered by the jury for any purpose, and the charges were uncalled for.

For the error mentioned above, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*