Henry Stanchel v. The State.

No. 6269.   Decided May 19, 1921.

1.—Robbery—Evidence—Pistol.

Upon trial of robbery, where defendant was not charged with robbery by firearms or that the person who was robbed saw any pistol, it was reversible error to permit the officer to testify that when he arrested the defendant the latter was armed with an automatic pistol. Following Riggins v. State, 42, Texas Crim. Rep., 472, and other cases.

2.—Same—Evidence—Attempt to Bribe—Confession—Rule Stated.

Upon trial of robbery it was error to permit the officers who made the arrest to testify over objection of defendant that defendant after arrest offered the officer fifteen dollars to turn him loose, and after that again offered fifty dollars and a pistol to be released. This testimony was inadmissible under Article 810, C. C. P., with reference to confessions.

3.—Same—Confessions—Offer to Bribe—Anomaly—Statutes Construed.

It may appear to be anomalous that, if one under arrest by some overt act, such as flight, or resistance, seeks to effect his release, it may be shown,

while an offer to bribe the officer to effect the same purpose cannot; but our statute on confession makes it necessary to so hold. Following Nolen v. State, 14 Texas Crim. App., 474, and other cases.

#### 4.—Same—Argument of Counsel—Matters Not in Evidence.

While it was perfectly legitimate for counsel to criticise the failure to produce available evidence, and deduce a conclusion that if offered it would not be favorable, yet it was reversible error to introduce matter which was not in evidence. Following Brookreson v. State, 88 Texas Crim. Rep., 150, and other cases.

Appeal from the Criminal District Court of Dallas. Tried below before the Honorable Robert B. Seay.

Appeal from a conviction of robbery; penalty, fifteen years' imprisonment in the penitentiary.

The opinion states the case.

*Rosser Thomas,* for appellant.—Cited cases in opinion.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted of robbery, his unishment being fixed at fifteen years in the penitentiary.

It will not be necessary to set out the evidence in order to discuss the legal questions raised, further than it may be referred to incidentally.

It is urged that error was committed in permitting, over objection, the officer who arrested appellant, to testify that he was armed with an automatic pistol at the time of arrest, which was the next night after the alleged robbery. The trial judge admitted the testimony on the ground that it was "admissible on the subject of resistance, and escape from arrest." Appellant was not charged with robbery by firearms, and Mrs. Cheatham, the lady robbed, does not claim the party doing the robbing had or used, or that she saw, a pistol of any kind. The officer said appellant had his hand in his pocket when arrested, but took it out when told to do so, and expressly states that appellant did not try to use the pistol, and that he made no resistance. No overt act is shown by the evidence of any attempt to escape. Under the authority of Riggins v. State, 42 Texas Crim. Rep., 472, 60 S. W. Rep., 877, and Watson v. State, 88 Texas Crim. Rep., 227, 225 S. W. Rep., 753, this testimony was clearly inadmissible. It proved a separate and distinct offense, which did not tend to connect appellant with the offense for which he was on trial, shed no light on his intent or identity in connection with that charge, and had no bearing on showing system.

S. C. Martindale, one of the officers who made the arrest, testified over objection that while the other officer had gone to make some inquiries, appellant offered him $15 to turn him loose, and that after he had been taken into the presence of Mrs. Cheatham, he offered $50 and his pistol to be released. Exception was reserved to this evi-

dence because it was in the nature of a confession, made while under arrest, and without the formalities required by Article 810, C. C. P. This evidence was elicited for the evident basis of an argument that appellant's consciousness of guilt impelled the offer to secure his release. It may appear to be anomalous that, if one under arrest, by some overt act, such as flight or resistance, seeks to effect his release, it may be shown, while an offer to bribe the officer to effect the same purpose, cannot, but our statute on confessions makes it necessary to so hold. The history of legislation in this State on the subject of confessions, and the reasons behind it, would be interesting to recount, but that is not necessary. The Legislature, by amendment instead of making the rule more lax, has from time to time by changes made it more restrictive. The case of Nolen v. State, 14 Texas Crim. App., 474, construes the law as it existed then as follows: "Where the confessions of a defendant under arrest are inadmissible against him because made while uncautioned, his acts, if tantamount to such confession and done under similar circumstances, are likewise inadmissible." There are apparently some exceptions to this rule, such as permitting foot prints or finger prints for comparison to be made though accused be under arrest, but they are not here involved.

The offer of one under arrest to pay the officer for his release, if not tantamount to a confession of guilt, lays the foundation for argument which would be equally cogent and harmful to the accused as a direct confession. The Nolen case was cited and approved by Judge White in Fulcher v. State, 28 Texas Crim. App., 465, 13 S. W. Rep., 750, wherein he says "since the rule was announced in the Nolen case it has been followed and recognized in this State." In Hawkins v. State, 75 S. W. Rep., 787, it was held that the testimony of a confederate to the effect that the defendant, while both were in jail, had offered to pay a part of the witness' fine if he would take the blame for the offense and exculpate defendant, was inadmissible. "The purpose and effect of this statute (Article 810, C. C. P.) is to prevent the prosecution from using against accused the testimony of the officer having him under arrest, to a verbal statement made by accused which the State seeks to use to prove his guilt." Dover v. State, 81 Texas Crim. Rep., 553. And in the case last above cited we approved the rule laid down in the Herman case, 42 Texas Crim. Rep., 464, as correct, viz, "Any fact or circumstance involved in a statement by defendant while in jail or under arrest, and when he has not been cautioned, which may be used by the State as a criminative or inculpatory fact against him, comes within the statutory rule as to confession, although the same may not be technically a confession or admission." In the instant case the State could have offered the objectionable evidence for no purpose save that of proving or tending to prove appellant's guilt; it was a criminative and inculpatory fact against him. The State was evidently not impressed with the idea that it was in appellant's favor or its introduction over objection would not have been insisted on.

Appellant's defense was *alibi*.  He claimed to have been at home asleep at the hour Mrs. Cheatham says she was robbed, and that his father, Jim Stanchel, and others were at the house and knew this. For some reason appellant's father was not used as a witness by either party.  During his argument the district attorney made use of the following language: "Why did not the defendant have his father, Jim Stanchel, on the stand?  He was summoned as a defense witness, and was present here in court.  The reason is that Jim Stanchel, this negro's father, had already been seen and talked with by the officer before he knew Henry was arrested, and told the officer that Henry did not get home until ten o'clock on the night of the robbery."  There was no evidence before the jury that any such conversation occurred between the elder Stanchel and the officer.  The court reprimanded the district attorney, and verbally instructed the jury not to consider the argument.  Later in his argument he again said: "Why has not Jim Stanchel, the defendant's father, testified in this case?  He was already sewed up, that's why."  He was again reprimanded, and the jury also verbally told to disregard the last statement.

It was perfectly legitimate for counsel to criticise the failure to produce available evidence, and deduce a conclusion that if offered it would not be favorable.  But the district attorney in his zeal went further than this court can sanction.  We understand that in the heat of debate attorneys for both the State and defendant are likely to violate the rules of argument; but here counsel passed from the domain of argument and conclusion, and entered the realm in which a witness only is entitled to move.  It was a damaging statement against appellant, and we cannot hold the same to have been harmless in view of the penalty inflicted.  Brookerson v. State, 88 Texas Crim. Rep., 150, 225 S. W. Rep., 374; McIntosh v. State, 85 Texas Crim. Rep., 417, 213 S. W. Rep., 659; Coleman v. State, 49 Texas Crim. Rep., 82, 90 S. W. Rep., 501.

For the errors pointed out the judgment of the trial court is reversed, and the cause remanded.

*Reversed and remanded.*