ALEX ROSBOROUGH v. THE STATE.

No. 7354.   Decided February 14, 1923.

**Selling Intoxicating Liquor—Argument of Counsel.**
    Where State's counsel, in defending the State's witness, said that one of the best grand juries in the county passed upon the question as to whether said witness was guilty instead of the defendant, and named some of the eminent jurors on the grand jury, all of which was not in evidence and could not have been received as such, the same was error of such a nature that it could not be withdrawn from the jury.   Following Lagow v. State, 81 Texas Crim. Rep., 460, and other cases.

Appeal from the District Court of Harrison.   Tried below before the Honorable P. O. Beard.

Appeal from a conviction of unlawfully selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Davidson, Blalock & Blalock,* for appellant. On question of argument of counsel, Beach v. State, 210 S. W., 540; Powell v. State, 70 id., 218; Davis v. State, 114 id., 366; Daniels v. State, 160 id., 707; Stolling v. State, 234 id., 914; Wilson v. State, 194 id., 828.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Richard Edwards was named as the purchaser. He was the keeper of a store and domino hall combined. The sheriff was informed that there was gaming at Edwards' place and went there to investigate. He found no gaming but on going into the back room he smelt whisky and found a gallon jug full in a meal-bin and a quart bottle on the shelf though not exposed to view. Edwards claimed that he had bought the liquor from a person whose name he did not know, but who had been gone long enough to have traveled very far. The sheriff and Edwards together rode out to a point some six miles distant and overtook the appellant, who was traveling in a buggy. In the buggy there was found a sack containing a gallon jug which was empty and which smelled like it had contained whisky, and in his pocket the appellant had a small bottle, less than a half pint, filled with whisky.

Edwards testified that he got a gallon of whisky from the appellant though he did not previously know him; that he bought a gallon and paid eight dollars for it and that appellant also left a quart bottle of whisky; that appellant had the whisky in a stone jug but it was transferred from that jug to another jug of the same size belonging to Edwards; that the quart of whisky was not purchased but had been left with the witness. The witness said that when the sheriff came and arrested him, he told how he acquired the whisky.

Appellant testified that he lived nine miles from town; that he had gone to town in a buggy on an errand; that on his return he stopped at the store of the witness Edwards to get some tobacco; that he also bought a half-pint bottle of whisky from Edwards for which he paid him a dollar; that Edwards put a sack in his buggy and asked him to throw it out on the road; that the sack had an empty jug in it, and appellant decided that he could use the jug and therefore did not throw it out.

Several witnesses testified that they had seen the appellant on the day that the offense took place in a buggy and had ridden with him on the way to town; that they saw no whisky nor any package which could have contained a gallon of whisky in his buggy.

The prosecuting officer in his argument used this language:

"They say Richard Edwards is the guilty man, and the man who should be tried here instead of the defendant. This whole thing has been thrashed out and fully considered by one of the best grand juries this county ever had. They are the ones who passed on that. A grand jury with Rev. J. M. Black as foreman, and composed of such men as Dr. J. F. Rosborough."

Exception was reserved and the court verbally instructed the jury not to consider the remarks. We regard them as being in a class, however, that cannot be withdrawn. To the jury the remarks meant that the grand jury had investigated the culpability of the witness Edwards and had found him not guilty. This was not only new testimony but it was a kind of testimony that would not have been received had it been offered in open court through the mouth of a witness. It was harmful in that it was calculated to influence the jury in accepting the State's theory rather than that of the appellant. Lagow v. State, 81 Texas Crim. Rep., 460; White v. State, 82 Texas Crim. Rep., 274; Kelley v. State, 86 Texas Crim. Rep., 281; Scitern v. State, 87 Texas Crim. Rep., 112; Stanchel v. State, 89 Texas Crim. Rep., 358, 231 S. W. Rep., 120; Vernon's Tex. Crim. Stat., Vol. 2, p. 404, note 11 and cases cited.

The investigation of Edwards and his exculpation by the grand jury, if this occurred, was not in the evidence, and coming as it did in the closing argument from the lips of the prosecuting officer who was in a position to know what the grand jury had done, it was of a nature so harmful and so obviously improper as to require a reversal of the judgment.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*