### Gilbert Freeman v. The State.

No. 7477.  Decided February 21, 1923.

Rehearing Denied March 21, 1923.

**1.—Manufacturing Intoxicating Liquor—Evidence—Drunkenness.**

Upon trial of unlawfully manufacturing intoxicating liquor, there was no error in admitting testimony that the defendant had been seen on sev-

eral occasions at or about the time of his arrest, drunk and under the influence of liquor.

**2.—Same—Evidence—Hearsay.**

There was no error in refusing to admit in evidence testimony that several parties had made statements of their connection with the still, and the making of liquor; this was hearsay.

**3.—Same—Practice in Trial Court—Agreement—Accomplice.**

There was no error in the court's refusal to compel the State to disclose to the jury what agreement it had made with the accomplice witness. This was a matter of inquiry of said witness upon cross-examination.

**4.—Same—Evidence—Interests of Defendant.**

Where defendant endeavored to prove that the still in question was being operated by another party, there was no error in permitting the State to show that said other party was arrested, found guilty of making and selling whisky and that defendant paid his fine; showing interest of defendant in such transaction.

**5.—Same—Rehearing—Evidence—Acts of Third Parties.**

Where the paraphernalia of making intoxicating liquor was found on the farm of defendant's wife of which he had charge, it was competent for the State to show that defendant was drunk on various occasions when he came from his farm.

**6.—Same—Evidence—Secondary Evidence.**

Where no objection was offered to the testimony that defendant paid the fine of another party who was found guilty of making intoxicating liquor on the ground that it was secondary, that question could not be raised here on appeal, besides the records would not be evidence of the fact that defendant paid such fine.

Appeal from the District Court of Liberty. Tried below before the Hon. J. L. Manry.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Howth & O'Fiel,* for appellant.

*R. G. Storey,* Assistant Attorney General for the State.

LATTIMORE, JUDGE,—Appellant was convicted in the District Court of Liberty County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There appears in the record the testimony of an accomplice who fully related facts pertaining to the manufacture of intoxicating liquor by himself in conjunction with appellant. Officers testified that on the day of appellant's arrest they went to his place and in his smoke-house found a still bearing evidence of recent operation and one that was older; also that they found on the premises liquor and mash in process of fermentation. The evidence amply supports the verdict.

Appellant complains by certain bills of exception of testimony to

the effect that he had been seen on several occasions at or about the time of his arrest under the influence of liquor, drunk and in an intoxicated condition.  We would not deem such evidence of an immaterial character.

Appellant complains in his bill of exceptions No. — of the refusal of the court to permit him to prove statements made by certain other parties relative to their connection with the still, and the making of liquor on appellant's premises.  Such evidence would be hearsay and, therefore, incompetent.

There is a bill of exceptions complaining of the refusal of the court to compel the State to disclose to the jury what trade or agreement they had made with the accomplice witness.  We know of no authority upholding the contention of appellant in this matter.  The court accorded appellant the fullest liberty of inquiry of said witness upon cross-examination, and it does not appear that any effort of his to ascertain the facts desired in this regard, was in anywise interfered with or prevented by the court.

Appellant endeavored to prove that the still in question was being operated and managed by one Krit Douglass and others.  In its rebuttal the State was permitted to prove that said Krit Douglass was arrested and found guilty of making and selling whisky in the Federal court at Beaumont and that appellant paid his fine.  Appellant having sought to evade punishment growing out of supposed manufacture of intoxicating liquor on his part, by attempting to show that such liquor was manufactured, and the apparatus found on appellant's premises controlled by said Douglass, we think evidence showing or tending fairly to show the interest of appellant in Krit Douglass and the connection of the two men with each other in relation to the manufacture and sale of such liquor, would be admissible.  We think the State entitled to prove that appellant paid the fine for Douglass.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON REHEARING

March 21, 1923.

LATTIMORE, Judge.—Appellant insists that we erred in not holding erroneous the admission of the testimony of the witness Sherman that appellant was drunk on various occasions when he came back from his farm.  The charge was the manufacture of intoxicating liquor.  The paraphernalia for making such liquor was unquestionably found on the farm of appellant's wife of which he had charge.  It would scarcely need argument to show it would be admissible to prove that other parties who went to appellant's farm where said still was located, went away in an intoxicated condition.  We see no reason for doubting the admissibility of such testimony.  The Venn case, 89 Texas Crim. Rep., 537, 232 S. W. Rep., 822, cited by appellant is not in

point. This court held that the testimony regarding the admission of a still found in possession of appellant five months from the time he was charged with selling the liquor, no connection whatever being shown between the two, shed no light upon the charge against the accused and was inadmissible. We are unable to see the similarity of Stanchel v. State, 89 Texas Crim. Rep., 358, 231 S. W. Rep., 120. In that case appellant was charged with robbery at night without the use of a firearm. The State proved over his objection that at the time of his arrest he had on his person an automatic pistol. This was a separate and distinct offense and such proof seemed in no way to shed light on any issue involved in the robbery charge, and this court upheld the inadmissibility of such testimony. Of similar import is Watson v. State, 88 Texas Crim. Rep., 227, 225 S. W. Rep., 753, also cited by appellant.

Appellant insists that the testimony of a witness to the effect that appellant had paid a fine for Krit Douglass in the Federal court at Beaumont for violating the prohibition law, was inadmissible because there was better evidence, to-wit: the records of said court, of said fact. We might observe that no objection was offered to this testimony on the ground that it was secondary evidence, but we further note that the records would not be evidence of the fact that appellant paid the fine for Krit Douglass. The witness testified that appellant got the money from him with which to pay said fine.

Being unable to agree with either contention made by appellant in this motion, same is overruled.

*Overruled.*