### Jake Hazzard v. The State.

#### No. 8867. Delivered February 25, 1925.

**1.—Transportation of Intoxicating Liquors—Argument of District Attorney— Held, Reversible Error.**

Where the District Attorney in his argument to the jury, referring to the testimony of a physician, an important witness introduced by the defendant, gives his judgment as to the reputation of the witness for truth and veracity, in effect declaring that it was the custom of the witness to give false testimony in the interest of persons charged with violations of the liquor laws, such remarks abandon the realm of argument, and take their place in the domain of evidence.

**2.—Same—Argument of Counsel—Rule Stated.**

The unsworn statement of state's counsel to the jury of a material fact, adverse to the defendant, which was not put in evidence during the trial, will require the judgment of conviction to be set aside. See Branch's Ann. P. C., Sec. 364, and numerous cases there collated, also Stanchel v. State, 89 Tex. Crim. Rep. 361, Brister v. State, 97 Tex. Crim. Rep. 398.

Appeal from the District Court of Freestone County. Tried below before the Hon. J. R. Bell, Judge.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*O. F. Watkins,* of Mexia, and *Levi Herring,* of Fairfield, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

According to the State's witness Mannahan, a deputy sheriff, he saw the appellant riding horseback in his field about 300 yards from his dwelling-house. Upon his arrival at the house the officer found a half-gallon fruit jar of whiskey wrapped up in the appellant's slicker and tied to his saddle. The officer said to him: "What is that on your saddle?" Appellant replied: "Whiskey, it is mine."

Appellant introduced testimony to the effect that his reputation as a law-abiding citizen was good, also his reputation for truth and veracity. He was a farmer by occupation and had been a citizen of the county for some forty years. He testified that his wife had been sick for a number of years and that he bought the whisky for her; that the purchase was made on the 10th of January; that Dr. Goolsby had prescribed whiskey for his wife. According to the appellant, the purchase was made in his field from a Mexican. He testified that the whiskey was not bought for the purpose of sale or with the intention of violating the law in any respect.

Appellant's wife testified that she was fifty-three years of age and had been married to the appellant for thirty-three years; that at the time of the alleged offense her health was bad; that she was sick most of the time; that Dr. Goolsby, the family physician, had prescribed whiskey for her. She was suffering at the time from a change of life and had requested the appellant to get whiskey for her; that she used whiskey mixed with Black Draught and Liver Regulator: that she had been in the habit of using it, whenever she could get it, for a long time.

Some testimony was introduced tending to corroborate the appellant's theory that he got the whiskey from a Mexican on his farm.

Dr. Goolsby, a licensed physician, testified that he had prescribed whisky on various occasions for the wife of the appellant; that he began prescribing whisky for her some years before and advised her to keep whiskey on hand; that he kept a record of the prescriptions written but not knowing that he would be called upon for it, he did not have the record with him. He had also prescribed whiskey a short time before the date of the alleged offense.

Touching the testimony of Dr. Goolsby, the district attorney, in his argument, said:

"Gentlemen of the Jury: Who is the defendant's witness? Dr Goolsby? I know him and have no confidence in his testimony. Have had many cases in this district for the State and I always find

said witness testifying in prohibition cases for the defendant about prescriptions and excuses to turn the defendant loose.''

Prompt exception was made to these remarks, and the jury was verbally instructed to disregard them. The principal defense urged by the appellant was that the whiskey was in his possession for medicinal purposes. The main witness upon this issue, aside from the appellant and his wife, was Dr. Goolsby. The remarks of the prosecuting attorney appear to be in the nature of testimony giving his judgment as to the reputation of the witness for truth and veracity, in effect declaring that it was the custom of the witness to give false testimony in the interest of persons charged with violations of the law prohibiting the liquor traffic. These remarks apparently abandoned the realm of argument and took their place in the domain of evidence. To comment upon the evidence before the jury, to draw from it inferences, and to embellish it with illustrations is the province of counsel, but the evidence must come from the witnesses who, under the sanction of an oath and under the supervision of the court, relate the facts within their knowledge. Mr. Branch, in his Ann. Texas P. C., summarizing the many decisions of this court collated by him, says:

''The unsworn statement of State's counsel to the jury of a material fact adverse to defendant which was not put in evidence during the trial will require the judgment of conviction to be set aside.''

See Branch's Ann. Texas P. C., Sec. 364, and numerous cases there collated; also Stanchel v. State, 89 Texas Crim. Rep. 361; Brister v. State, 97 Texas Crim. Rep. 398.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*