## CHAS. WALKER V. THE STATE.

No. 11001.   Delivered June 22, 1927.

Rehearing granted State October 26, 1927.

Rehearing denied Appellant November 23, 1927.

1.—Theft of Automobile—Suspended Sentence—Failure to Submit Issue— Reversible Error.

Where there is testimony in a case supporting the issue, and an application for a suspended sentence has been made, it is reversible error, as has been held in numerous cases, to fail to submit this issue to the jury. See Tonnahill v. State, 234 S. W. 75; Carr v. State, 230 S. W. 405, and Taylor v. State, 257 S. W. 1105.

### ON REHEARING BY STATE.

2.—Same—Suspended Sentence—When Issue Not Raised—Properly Omitted From Charge.

On rehearing by the state a re-examination of the record discloses that appellant wholly failed to prove that he had not, prior to his trial, been convicted in this or any other state, of a felony.  The burden to so prove was upon him, and in failing to introduce such proof there was nothing for the jury to consider.

### ON REHEARING BY APPELLANT.

3.—Same—Evidence—Of Accomplice—Sufficiently Corroborated.

Our law requires that the testimony of an accomplice shall be corroborated by testimony which only tends to connect the accused with the commission of the crime.  In this case the corroboration of the accomplice measured up to that rule, and the motion of appellant for a rehearing is overruled.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. Geo. E. Hosey, Judge.

Appeal from a conviction for the theft of an automobile, penalty two years in the penitentiary.

The opinion states the case.

*Virgil R. Parker* of Fort Worth, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, *Jesse E. Martin,* Criminal District Attorney, *Arthur L. Moore,* and *Frank H. Rawlings,* Assistant Criminal District Attorneys of Tarrant County, for the State.

BAKER, JUDGE.—The appellant was convicted of auto theft, and his punishment assessed at two years in the penitentiary.

The appellant's defense was an alibi, and in connection therewith he filed an application for suspended sentence.

The record is before us with three bills of exception.

Bill No. 1 complains of the refusal of the court to give in charge to the jury appellant's special charge instructing a verdict of not guilty. There is no error shown in this bill.

Bills Nos. 2 and 3 complain of the refusal of the court to submit to the jury a charge on suspended sentence. The record discloses that the appellant properly filed an application in writing for a suspended sentence, and that while he failed to testify as a witness in his own behalf, he introduced testimony to support his plea. His aunt, Mrs. Ida Crawley, testified on this issue that she had lived in Fort Worth 26 or 28 years; that she had reared appellant and had known him all of his life; that he was 19 years of age, and that he had not been away from her as much as six months at any one time within the past ten years. The deputy district clerk, Claud Wall, testified that the minutes of the Criminal District Court of Tarrant County were in his custody and care, that he had checked over the indictments and felony cases in said county as far back as 1919, and that he failed to find a record of any indictment or conviction against the appellant during said time. This was the evidence relied upon by the appellant as a basis for the requested charge on suspended sentence. It appears from these bills that the court refused to submit this issue to the jury after being properly requested to do so by appellant's counsel. The attorneys for the state before this court have confessed error on this issue, and we think rightly so, under the decisions of this court in Tonnahill v. State, 234 S. W. 75, and Taylor v. State, 257 S. W. 1105. Judge Morrow, speaking for this court in the Tonnahill case, supra, after citing the suspended sentence law, stated:

"The right is a valuable one, involving the privilege of having the jury determine whether the appellant should be confined in the penitentiary or given his liberty under the terms of the suspended sentence law. It was one which the court, with the evidence before it, had no discretion to deny,"
citing Carr v. State, 230 S. W. 405. In the Taylor case, supra, this court, speaking through Judge Lattimore, under a similar state of facts, stated on this issue:

"Where there is testimony reasonably supporting an issue, we think it beyond the province of the trial court to himself pass upon its sufficiency,"
and reversed the case because of the refusal of the court to

submit the issue of suspended sentence to the jury. Under the facts of the instant case, and the authorities cited above, we are of the opinion that the trial court committed reversible error in refusing to submit to the jury appellant's application for a suspended sentence.

For the error above discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING BY STATE.

LATTIMORE, JUDGE.—In this case the state moves for a rehearing, urging that before the accused in any case is entitled to have the issue of suspended sentence submitted to the jury there must be enough evidence presented to fairly raise such issue and afford reasonable support for a finding upon same in favor of the accused; and that in this case the record makes no such showing. We have carefully examined the testimony upon this point.

Appellant's aunt swore that she had known him all of his life, and had had the care of raising him, and that at no time within ten years next past had he been out of Fort Worth as much as six months at any one time. Mr. Wall, deputy district clerk of Tarrant County, swore that he had examined the records of convictions for felonies in the district clerk's office of Tarrant County as far back as 1919 and found no record of any felony conviction against appellant. This comprises the testimony relied on as showing appellant entitled to have the issue of suspended sentence submitted to the jury. Upon more mature consideration we do not think the action of the trial court erroneous in refusing to submit this issue upon such showing. True, as said by us in cases cited in our original opinion, the right to a suspended sentence is a valuable one, and when the testimony reasonably supports such issue, it should go to the jury. In the instant case we observe that the mother of appellant was a witness; that the record shows that his people lived in Fort Worth; that his aunt was a witness also, but neither the mother, the aunt nor any other witness affirmed that appellant had never been convicted of a felony. Appellant did not take the witness stand. That the aunt

affirmed that he had not been out of Fort Worth as much as six months at any one time, could not be given any weight at all as showing that he had not been convicted of a felony. Appellant was under twenty-one years of age. He could have committed a felony in any county in Texas, have pleaded guilty thereto, or been tried therefor, and have received a suspended sentence, all within ten days, much less six months. The great city of Dallas lies immediately contiguous to Fort Worth, where appellant lived. He could have committed a felony in Dallas and been indicted the next day, tried and convicted, and given a suspended sentence within a week, and still his aunt told the truth about his not being out of Tarrant County as much as six months at a time. We regard this testimony as amounting to nothing. This leaves in the record only the statement of the deputy district clerk of Tarrant County that the defendant had not been convicted of a felony in the county of the forum within eight years prior to this trial.

We must not lose sight of the fact that the burden of showing himself entitled to a suspended sentence rests upon the accused, that is, he must satisfy the jury that he has not been convicted of a felony in this or any other state prior to the instant trial. We are then remitted in this case to this proposition, viz.: Does proof that the accused has not been convicted alone in the county in which he lives, of a felony, justify the trial court in submitting the issue; or would it justify the jury if such issue was submitted, in a finding in favor of the appellant thereon? We do not think so. If such had been the intention of the legislature we believe they would have so stated.

We see no reason in the world why appellant's mother, his father, his aunt, or some of his associates who testified in the case in his behalf, could not have been asked a direct question by the appellant as to whether he had theretofore been convicted of a felony, if he had been in fact in good faith relying upon this proposition to escape the results of conviction or wished to meet the burden imposed on him of showing that he had not been so convicted.

Believing we were in error in the original opinion in holding that the evidence required the submission of this issue to the jury, and that there was no error committed upon the trial of the case calling for a reversal, the state's motion for rehearing will be granted, the judgment of reversal set aside, and the judgment now affirmed.

*Affirmed.*

ON APPELLANT'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—The state's motion for rehearing having been granted and the judgment affirmed, appellant now files a motion for rehearing, among other things insisting that the accomplice witness Stewart was not sufficiently corroborated. This is the only point we find it necessary to discuss.

A Chevrolet touring car belonging to H. A. Hulsey was stolen between six-thirty and twelve o'clock on the morning of December 4th from a point near the "hog barns" on East Exchange Avenue, in Fort Worth. The license number of the stolen car was 776-200. Clarence Mathis was working at a filling station and loaned a Ford touring car to the witness Stewart. The license number of this car was 772-410. At the time Stewart got the car no one was with him, but he later came back by the station to get some gas and oil, at which time both Bernard Walker and appellant were with him. Later, when the car was brought back, only Bernard Walker was with Stewart. The substance of Stewart's testimony was that on the 4th of December he met appellant and Bernard Walker near the stock yards, he having prior to that time borrowed a Ford touring car from Mathis; that appellant and Bernard Walker took a Chevrolet touring car from East Exchange Avenue in front of the "hog barns" to a certain place out of the city, where the car was stripped; that Stewart sat in the Ford car about a block from the place but out of sight, waiting for them; that after they had stripped the car all three got in the Ford car and returned to the city; that night they went and got the things which had been taken off the Chevrolet. The witness Britton saw two parties drive the Chevrolet car to the point where it was stripped. He watched them stripping it and took its number, which was 776-200. As he left the place where he saw this going on he saw the witness Stewart sitting in the Ford car, the license number of which he also took, and which was 772-410. He saw Stewart and the other boys drive away in the Ford. He testified that while he could not positively identify them, yet appellant fitted the description of one of the boys he saw stripping the Chevrolet car. The evidence of the accomplice witness Stewart makes out a complete case. The law requires that the corroborating testimony only tend to connect accused with the commission of the crime. The evidence related appears to meet that requirement.

Appellant's motion for rehearing is overruled.

*Overruled.*