### ALLEN v. STATE. (No. 12674.)

Court of Criminal Appeals of Texas. Oct. 9, 1929.

Beard & Abney, of Marshall, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, the unlawful possession of equipment for the purpose of manufacturing spirituous, vinous, and malt liquor capable of producing intoxication; penalty, one year in the penitentiary.

Appellant's connection with the crime charged depends on the testimony of one witness, namely, Porter Hunt. This witness testified he came upon appellant and several other parties at a still in a wooded pasture. The still was not upon premises owned or controlled by appellant. This witness testified: "I saw Gus Allen at that time. He was doing something under that troft where the coil was at. * * * When he discovered me they run. * * * The other parties run too."

Some ten or twelve witnesses testified to an alibi for appellant, placing him in the town of Longview, several miles distant from the scene of the crime at a time which made it impossible for him to have been present at the still, as testified to by Hunt.

The court's failure to charge on circumstantial evidence was properly excepted to. We quote from an opinion by Justice Lattimore from a case whose facts substantially parallel the instant one: "The most that can be said is that he was present, which was a circumstance; that he ran away, which is another circumstance; that he was seen to pour something which one officer thought was whisky into a keg or copper outfit or container—whatever it was. It occurs to us that plainly the question of possession, that is, the care, control, and management of the equipment, was an inference to be drawn from these circumstances, and, being such inference, the case is necessarily one of circumstantial evidence." Hightower v. State, 108 Tex. Cr. R. 208, 299 S. W. 414.

So in this case the three incriminating circumstances were the presence of appellant at a still, that he did something "under that troft where the coil was at," and that he and his companions fled upon the approach of the witness. The elements of the crime charged are inferences to be drawn from these circumstances, and the trial court fell into error in failing to respond to appellant's exceptions by an appropriate charge on circumstantial evidence. For other authorities, see the following: Rice v. State, 108 Tex. Cr. R. 530, 1 S.W.(2d) 1093; Rodriquez v. State, 100 Tex. Cr. R. 11, 271 S. W. 380; Berry v. State, 104 Tex. Cr. R. 114, 282 S. W. 594.

One of the alibi witnesses above mentioned testified to appellant's presence in the town of Longview on the date of the crime charged, and on cross-examination was asked if copper pipes and coils were kept for sale in his store. Objection was made to this and was overruled. It is further shown that this witness testified neither appellant nor his companion at that time made any inquiry about copper coils or pipes or bought or offered to buy copper coils or pipes, and the bill further shows that neither appellant nor his companion made inquiry concerning copper coils or pipes or equipment for the manufacture of intoxicating liquor or bought or offered to buy same.

By another bill it is made to appear that in the opening argument of the prosecuting attorney, he stated to the jury that appellant was in Longview on the day of the alleged offense, and that they bought copper coils and pipes from this witness and then went to a grocery store and bought sugar and meal, and took all of said articles out to Cypress Bottom and started to work operating the still when the state's witness Porter Hunt ran upon them. The record shows there was no evidence whatever introduced to support this statement of the prosecuting attorney. Proper objection was made to this and an instruction requested to disregard same, which was by the court refused and to which proper exception was taken. Objection was also made to the testimony first above mentioned. The prosecuting attorney, of course, had the right to make a bona fide attempt to show that appellant purchased in the town of Longview equipment for the manufacture of intoxicating liquor, but having failed to elicit any such testimony, it was improper for him to supply this highly material testimony in an unsworn statement to the jury. Mr. Branch states the rule as follows: "If State's counsel desires to testify during the argument he ought to ask to be sworn. The unsworn statement of State's counsel to the jury of a material fact adverse to defendant which was not put in evidence during the trial will require the judgment of conviction to be set aside." Branch's P. C. § 364; Hunnicutt v. State, 18 Tex. App. 523, 51 Am. Rep. 330; Marshall v. State, 76 Tex. Cr. R. 386, 175 S. W. 154. See, also, Weatherspoon v. State (Tex. Cr. App.) 14 S.W.(2d) 1038; Stanchel v. State, 89 Tex. Cr. R. 358, 231 S. W. 120; Hazzard v. State, 99 Tex. Cr. R. 354, 269 S. W. 438.

Because of the errors discussed, the judgment of the trial court is reversed, and cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.