HAYES PENDLETON v. THE STATE.

No. 13045.   Delivered February 19, 1930.
Rehearing granted March 19, 1930.
Reported in 26 S. W. (2d) 240.

The opinion states the case.

*Jno. W. Culp* of Gainesville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for one year.

A witness for the state testified that he bought two pints of whiskey from appellant. Testifying in his own behalf, appellant denied that he had sold the state's witness any whiskey and stated that he was at his mother's home in the country at the time the witness claimed he bought whiskey from him in a restaurant in Gainesville. Appellant further offered evidence to the effect that the state's witness entertained feelings of hatred toward him on account of previous trouble. We deem the evidence sufficient to support the conviction.

Appellant brings forward three bills of exception, which do not appear to have been filed in the trial court. Bills of exception which do not appear to have been filed cannot be considered on appeal. Oliver v. State, 124 S. W. 637; Martinez v. State, 40 S. W. 280.

596

The state's motion objecting to the consideration of the bills of exception must be sustained.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—It is now made to appear by the certificate of the district clerk that appellant's bills of exception were duly and timely filed. Hence they are entitled to consideration.

In his closing argument, the county attorney used language as follows:

"They (meaning the officers) brought that man Allen (meaning the prosecuting witness C. N. Allen) to my office and he told me then what he has told you here. from the witness stand and, gentlemen of the jury, I don't believe that C. N. Allen would come here and take the witness stand and look Hayes Pendleton in the face and swear that he bought whiskey from him if he hadn't done it. My candid opinion, gentlemen of the jury, is that C. N. Allen is telling the truth."

Appellant timely and properly objected to the foregoing remarks. The objection was sustained and the court instructed the jury to disregard the argument. The state relied entirely upon the testimony of the witness Allen for a conviction. Allen testified that he purchased two pints of liquor from appellant. Testifying in his own behalf, appellant denied that he had sold the state's witness any whiskey and declared that he was in his mother's home in the country at the time the witness claimed he bought whiskey from him in a restaurant in Gainesville. Further, appellant offered testimony to show that Allen entertained feelings of hatred toward him on account of previous trouble. Witnesses testified that appellant's general reputation for truth and veracity was good. The issue of guilt was closely contested. The county attorney had not taken the witness stand and testified to the matters embraced in his argument. There was no evidence as to what the prosecuting witness told the county attorney on the occasion he was brought to his office by the officers. The effect of the argument was to support the witness by

the unsworn statement of the county attorney. The argument was obviously injurious and prejudicial. Under the facts here, we are of the opinion that its withdrawal could not cure the error. Branch's Annotated Penal Code, Section 362; Derrick v. State, 187 S. W. 759.

Without discussing the question, the opinion is expressed that the court improperly sustained the state's demurrer to that part of the motion for new trial alleging misconduct on the part of the jury. Heffnarn v. State, 260 S. W. 198.

Appellant's motion for a rehearing is granted, the judgment of affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.