VERGIL BROOKS V. THE STATE.

No. 13722. Delivered November 19, 1930.
Rehearing June 26, 1931.

206

The opinion states the case.

*Llewellyn & Henderson,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, Judge.—Conviction for selling intoxicating liquor; punishment, two years in the penitentiary.

We find in the record three bills of exception. The first complains of the fact that the trial judge made the remark, when appellant's attorney asked that the jury be drawn, that same would only cause delay. We are not able to agree with appellant's counsel that the remark was harmful to that degree that it could affect the verdict; however, the bill of exception does not show that the jury, or any member thereof, heard the remark.

Bill No. 2 complains that the appellant was not allowed to ask a witness, put on the stand by him for the purpose of impeaching state witness Walker, regarding the matters deemed of impeachment, the reason assigned by the trial court in his qualification being that the state witness when asked as to the matter, admitted fully that he made the statement inquired about. We do not think there is any error in this matter. Where a witness was asked if he did not make a statement to a certain party and answered in the affirmative, we would not hold it erroneous for the court below to decline to take up more time and have another witness repeat before the jury the same statement already testified to by the state witness. Walker v. State, 17 Texas App., 31; Barnard v. State, 45 Texas Crim. Rep., 71.

Bill No. 3 complains of argument of the county attorney to the effect that witness Walker not only had testified in court under the sanction of his oath that he got the whisky from the defendant but that he had come before the grand jury on the 31st day of December, 1929, and testified to the same facts. The bill reflects the fact that the court orally instructed the jury not to consider the remarks of the county attorney, and that no request was made for a written instruction on the subject. We are not able to believe any prejudicial error is shown. The facts sufficiently support the verdict and judgment.

The judgment will be affirmed.

*Affirmed.*

Hawkins, J., absent.

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—On more mature reflection we think the error committed by the prosecuting attorney in his argument demands a reversal.

The prosecuting witness Walker had testified that he bought a pint of whisky from appellant about one or two o'clock on December 14th; that he only went to appellant's house one time, and that William Chatham nor any one else went with him to appellant's house at any time. When the officers first accosted Walker and inquired about the whisky he told them he got it from Son Gilmore. Appellant testified that he was away from home on December 14th from about nine o'clock in the morning until about five o'clock in the afternoon; that he never saw Walker until eight or nine o'clock that night when he came to appellant's house hunting whisky; that he told Walker he had none and did not know where he could get any. He denied making any sale to Walker. Appellant's wife testified substantially as did he regarding Walker's visit to the house on the night of December 14th. She also testified she had gone to Waco that day, leaving about nine o'clock in the morning and did not return until about dark. The witness Chatham contradicted Walker, testifying that he went with Walker twice to appellant's house on the day in question; the first time about ten o'clock and the second time about thirty minutes later; that appellant was not at home at either time; that later witness saw Walker with some whisky but did not know where he got it. The issue of sale was thus closely drawn, and Walker's contradictory statements were before the jury.

Bill of exception number three shows that appellant's attorney had argued to the jury that the witness Walker should not be believed because he first said he got the whisky from Son Gilmore. This was a legitimate argument and within the record. The county attorney in reply to that argument told the jury that Walker had not only testified in court before them under the sanction of an oath that he got the whisky from appellant, but "that he had come before the grand jury on the 31st day of December and testified to the same facts." What the witness had testified to before the grand jury was outside the record. It was not the statement of a conclusion from any facts in the record, but was an unsworn statement of the prosecuting attorney as to a fact which had become most material to the state in the condition the case was then in.

We are of opinion the obvious harm was not cured by the court withdrawing the argument, and that appellant lost no right to complain by failure to ask written instructions to disregard the argument. The county attorney had gotten before the jury a fact not in evidence, the evil effect of which could not be cured by the court's action. The case is very

similar on its facts to those found in Pendleton v. State, 26 S. W. (2d) 240. See also Derrick v. State, 80 Texas Crim. Rep., 10, 187 S. W., 759; Davis v. State, 116 Texas Crim. Rep., 658, 28 S. W. (2d) 168; Rosborough v. State, 93 Texas Crim. Rep., 393, 248 S. W., 372, and cases therein cited. Stanchel v. State, 89 Texas Crim. Rep., 358, 231 S. W., 120; Clancy v. State, 93 Texas Crim. Rep., 380, 247 S. W., 865; Horn v. State, 106 Texas Crim. Rep., 190, 292 S. W., 227. In Vineyard v. State, 96 Texas Crim. Rep., 401, 257 S. W., 548, the rule in regard to the matter was stated in the following language:

"We think the only safe rule to be that this court should not hold an argument to be reversible error unless it is in extreme cases where the language complained of is manifestly improper, harmful, and prejudicial, or where a mandatory provision of the statute is violated, *or some new and harmful fact injected into the case.* Stanchel v. State, 89 Texas Crim. Rep., 358, 231 S. W., 120; Henderson v. State, 76 Texas Crim. Rep., 66, 172 S. W., 793; Bowlin v. State, 93 Texas Crim. Rep., 452, 248 S. W., 396."

That the argument of the prosecuting attorney in the present case comes within the inhibition of the rule is unquestionable. If the county attorney thought the evidence given by Walker before the grand jury was admissible he should have offered proof thereof in the proper way and not have injected the fact into the case through an argument.

The motion for rehearing is granted, the opinion of affirmance is set aside, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*