## LESLIE BAILEY v. THE STATE.

### No. 7573.　Decided October 3, 1923.

### Rehearing denied April 30, 1924.

**1.—Transportation of Intoxicating Liquor—Indictment—Purpose of Sale**

Where, upon trial of unlawful transportation of intoxicating liquor, the indictment followed approved precedent, it sufficiently charged the offense, and the law did not require an averment that it was not transported for the purpose of sale.　Following:　Crowley v. State, 92 Texas Crim. Rep., 103.

**2.—Same—Declarations by Defendant—Argument of Counsel.**

Upon trial of unlawfully transporting intoxicating liquor, there was no error in admitting in evidence the declarations of defendant to the sheriff to the effect that he was scared and that if the sheriff would have stopped him at once he would have caught him, etc., nor to the argument of the State's counsel based thereon, under the facts of the instant case.

**3.—Same—Jury and Jury Law—Householder—Freeholder.**

In testing the qualifications of the veniremen, the court inquired whether they were each householders in the county or freeholders in the state, and it is claimed that it was ascertained after the verdict that one of the jurors was not qualified in the respect mentioned, this under the facts of the instant case was not reversible error.　Following:　Squires v. State, 92 Texas Crim. Rep., 160.

**4.—Same—Rehearing—Circumstantial Evidence.—Charge of Court.**

Upon trial of unlawfully transporting intoxicating liquor, it was not necessary under the facts of the instant case to charge on circumstantial evidence.　Besides, the facts proven are in such close juxtaposition to the main fact to be proved as to be equivalent to direct testimony.　Following: Cabrera v. State, 56 Texas Crim. Rep., 141, and other cases.

Appeal from the District Court of Franklin.　Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*F. B. Caudle,* for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The indictment charged that appellant did "unlawfully transport spirituous, vinous, malt and intoxicating liquors, not for medicinal, mechanical, scientific or sacramental purposes." This sufficiently charged the offense. The law did not require an averment that it was not transported for the purpose of sale. Crowley v. State, 92 Texas Crim. Rep., 103, 242 S. W. Rep., 472.

According to the State's evidence, at the time of the occurrence, appellant was seen by the witness Autry; also by Moore, the sheriff. Later Autry and appellant met in the town of Winnsboro and a conversation took place in which Autry admonished the appellant that he would have trouble unless he amended his ways in the respect in question. Appellant said that at the time he met the sheriff he was scared and that if the sheriff had stopped him at once, he would have caught him. Autry told appellant that if he would quit like he had promised, he (Autry) was glad that the sheriff did not catch him, but that unless he did quit, he was bound for the penitentiary. To this appellant assented and that there was an old boy in Winnsboro who wanted appellant to bring him a couple of quarts, and that he had told the party that after doing so, he was through. There was no objection to the introduction of this testimony, but there is a complaint of the argument of the county attorney in which he said that the "appellant was a boot-legger and was peddling whisky over the country." Upon objection to the argument, the court told the jury that there was no evidence that appellant was selling liquor and that the argument was improper. In qualifying the bill, it is shown that the county attorney had told the jury that there could be no conviction for selling whisky as appellant was charged with transporting it. We think the inference that appellant was peddling whisky was not an improper one from the conversation mentioned. The argument of the county attorney, based upon the conversation to which Autry testified, had sufficient warrant in the evidence to exclude it from the rule which renders an argument obviously harmful.

In testing the qualifications of the veniremen, the court inquired whether they were each householders in the county or free-holders in the State. It is claimed that it was ascertained after the verdict that one of the jurors was not qualified in the respect mentioned. Facts showing his status were developed. A recital of them is deemed unnecessary, but it may be said that it is doubtful whether this objection would have been tenable if made at the time. There was no contention that the juror was not fair and impartial, and his service on the jury did not vitiate the verdict. See Squyres v. State, 92 Texas Crim. Rep., 160, 242 S. W. Rep., 1029 and cases therein cited.

The record presenting no error, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

April 30, 1924.

HAWKINS, Judge.—Appellant insists that the evidence classifies his case as one requiring a charge on the law of circumstantial evidence. The question was properly raised, but in some way we overlooked it. Moore, the sheriff, while traveling upon a public road in an automobile, met appellant, who was traveling in a buggy. The sheriff was going north and appellant south. After having traveled about fifty or a hundred yards from where he met appellant the sheriff turned his car, overtook appellant and examined his buggy but found therein no whisky. The sheriff then retraced his course and at a bridge he saw the witness Autry who was coming from a branch towards the road with a quart jar containing whisky. Against the bank of the creek there was found a broken bottle with whisky near it. When searched the buggy of appellant was about two hundred yards from the point at which the broken jar of liquor was discovered. At the time the sheriff met appellant no indication was given of any intent on the officer's part to molest or follow him. Autry was traveling in a wagon going north. After the sheriff had passed him and met appellant and as the latter approached the bridge he was seen by Autry to throw something from his buggy into the creek. About the same time Autry observed the sheriff coming back. Upon reaching the bridge at the point where appellant threw something out of the buggy, Autry saw a bottle or jar on the ground which contained whisky and another broken bottle nearby. These were at the bottom of the gully; about the broken bottle was liquid which smelled like whisky and the ground was wet. Appellant was not arrested at the time. This was on Tuesday. On the following Saturday in the town of Winnsboro, a conversation is claimed to have occurred between appellant and the witness Autry. Appellant denied having this conversation and Autry affirmed it. According to Autry he took appellant to a private place and a conversation ensued. From Autry's testimony we quote:

"I struck up with him in Winnsboro and I called to him and told him I wanted to have a talk with him. I carried him around behind a store like and began talking to him and I admonished him to quit his way of living. I hardly know how to state any part of the conversation without telling the whole thing. He said that transaction scared him the worst he was ever scared and I said, 'Yes, I am sure that it did, and if Mr. Moore had stopped you when he first met you, he would have got you,' and he said, 'Yes, Mr. Autry, he sure would,' and I said, 'Well, if you will quit, like you say you will, I am glad he did not get you; but you are bound for the penitentiary if you don't quit,' and he said 'Yes, I realize that; there was an old boy

down here in Winnsboro that wanted me to bring him a couple of quarts, and I told him when I got down here that I was through.' I believe he asked me why I got the whisky and I told him that I got it because I was sure that he would go back after it, if I did not get it, and I did not want him to get it and then he said that he did go back after it late that evening. Today a week ago the defendant came to where I was at work and called me off and something was said about the conversation he had with me, and he said that he hoped I would not swear hard against him and I told him that I would tell nothing but the truth, and I told him I would not tell about that conversation unless they asked me, and I believe he said he had acted a fool in having the conversation with me about it.''

Appellant denied that he threw any whisky out of the buggy. He said that Autry, in Winnsboro, called him off and tried to lead him into saying something about throwing out whisky. Autry further stated that at the time he saw the article thrown from the buggy he thought it was a piece of paper; that when he reached the point and looked, he thought it was a piece of paper; that he found there nothing but the whisky. The evidence against appellant is obviously wholly circumstantial unless his declarations to Autry amount to a confession of so definite a character as would convert the case into one of direct evidence. From Mr. Branch's work on Criminal Law, Section 202, the following quotation, together with citation of authorities, is taken.

''To relieve the court from the necessity of charging on circumstantial evidence the confession must be that defendant committed the act for which he is then on trial, or the admission must be unequivocal that defendant did the main fact, and if it is only by a process of inference that it can be determined that there is a confession or admission of the main fact it is error to fail to charge on circumstantial evidence. Gentry, 41 Texas Crim. Rep., 497, 56 S. W., 68; Trejo, 45 Texas Crim. Rep., 131, 74 S. W., 458; Willard, 26 Texas Crim. Rep., 130, 9 S. W., 358; Conner, 17 Texas Crim. Rep., 15; Harris, 15 Texas Crim. Rep., 638; Eckert, 9 Texas Crim. Rep., 106; Beason, 63 S. W., 633; Beason, 43 Texas Crim. Rep., 442, 67 S. W., 96; Crowell, 24 Texas Crim. Rep., 410, 6 S. W., 318; Pace, 41 Texas Crim. Rep., 208, 53 S. W., 689.''

With the foregoing rule in mind and remembering that the main fact to be proved against appellant was that he transported whisky, let us examine the evidence and see if appellant's contention is correct that the facts bring this case within the rule of circumstantial evidence. There is positive testimony from Autry that while appellant was riding in a buggy along a public road he threw something from the buggy into a dry creek at a point near a bridge. Autry was not close enough to identify this object at the time it was thrown out but the discovery of the whisky at that point would be a circum-

stance indicating this was the object thrown from the buggy; if this were all the testimony upon that point the case would remain one of circumstantial evidence. However, if appellant's statements to Autry admitted that the object thrown out was whisky, then it would take the case out of the rule of circumstantial evidence. After admitting to Autry that if the sheriff had searched the buggy when he first met appellant that he would have been caught he told the witness that he was taking to a party at Winnsboro a couple of "quarts," and asked witness why he (witness) got the whisky; upon being told it was because witness was sure appellant would go back after it if witness did not get it and that witness did not want him to have it, appellant then said he did go back after the whisky late that evening. It occurs to us this was a tantamount to a direct admission of appellant that the article thrown by him from the buggy was whisky and that it is not left to inference. This admission, in connection with Autry's positive testimony as to seeing it thrown out would remove this case from the realm of circumstantial evidence. The fact that appellant denied the conversation with Autry and thereby formed an issue which the jury was to determine does not alter the law relative to the matter. The evidence in this case also makes applicable to some extent the further rule that "If the facts proven are in such close juxtaposition to the main fact to be proved as to be equivalent to direct testimony, a charge on circumstantial evidence is not required." Branch's Ann. P. C. page 1040; Holt v. State, 9 Texas Crim. App., 582; Crews v. State, 34 Texas Crim. Rep., 543, 31 S. W., 373; Cabrera v. State, 56 Texas Crim. Rep., 141, 118 S. W., 1057; Bass v. State, 59 Texas Crim. Rep., 191, 127 S. W. 1020.

We conclude no error was committed in refusing the special charge on circumstantial evidence. The motion for rehearing is overruled.

*Overruled.*