### Francisco Rodriquez v. The State.

No. 8940.   Delivered January 29, 1925.

Rehearing Granted April 15, 1925.

1.—Transporting Intoxicating Liquor—Indictment—Counts In.

Where an indictment charged in two counts the transportation of and possession for purposes of sale of intoxicating liquor, it was not error for the court to submit both counts to the jury, and also to refuse to compel the state to elect as between the counts.   This practice is proper.

2.—Same—Special Charge—Properly Refused.

Where the theory of the defense is properly presented in the court's main charge, it is not error to refuse a special charge presenting the same issues, though couched in different language, when requested by appellant.

ON REHEARING.

3.—Same—Charge on Principals—Properly Given.

The court in this case properly charged on the law of principals, under Art. 78, P. C. If appellant gave another money with which to purchase the liquor and joined him and accompanied him to the place to which he was transporting it, this would make appellant guilty as a principal offender in the transportation.

4.—Same—Special Charges—Status of.

A special charge given to the jury at the request of appellant is entitled to receive the same consideration at the hands of the jury, as those instructions contained in the main charge.   Such a charge should never be given unless it correctly presents the law of the case.

5.—Same—Argument of Counsel—Criticising Special Charge—Improper.

Where a special charge presenting the law of circumstantial evidence had been given to the jury, at the request of the appellant, it was highly improper to permit the district attorney in his closing address to say that the case was not one of circumstantial evidence, and that the court had simply given them the special charge because the appellant had requested same, in order that they might make a big speech in the case. This conduct of the district attorney, and of the learned trial judge in permitting same, necessitates a reversal of this case, and it is so ordered.

Appeal from the District Court of Caldwell County.   Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from a conviction of transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*E. B. Coopwood, C. F. Richards* and *Hart, Patterson & Hart,* of Austin, for appellant.

*Tom Garrard, State's* Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Caldwell county of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The State witnesses testified to facts which show that appellant was transporting a gallon of liquor on the occasion in question; that he brought it to a Mexican celebration and that he and some companions carried it off to a part of the grounds where they were found in possession of it. We think the court's definition of transportation was correct. There were three Mexicans going together from a point in the grounds where the celebration was in progress down to the point where the officers arrested the party. The name of one of the Mexicans was unknown to the State witnesses. Appellant testified in his own behalf that the whisky was brought to the place where the officers arrested the party by one Vicente Fonseca. The court charged in the usual form the law of principals. An exception directed at the charge upon the ground that there were no facts calling for same, is without merit.

The indictment contained two counts, one charging the transportation and the other possession for purposes of sale, of intoxicating liquor. Appellant complains because the court refused to compel the State to elect, and submitted both counts to the jury. There was no error in the action of the court. The two counts were inserted in the indictment to meet possible phases of the testimony on the trial. There was evidence tending to support each issue. The court properly submitted both counts. The verdict of the jury was confined to the count charging transportation, and the judgment and sentence followed the verdict. No error appears in this matter.

The complaint that there was no sufficient showing in the facts of a transportation of the liquor in question, seems to us without foundation; the same is true of the complaint of the submission to the jury of the issue of transportation.

There is complaint of the refusal of a special charge in which appellant asserts that he sought to have presented his theory of the defense. The trial court instructed the jury that if appellant transported the liquor he should be found guilty of this offense; that if he did not, or if the jury had a reasonable doubt of that fact, he

should be acquitted. A special charge was prepared by appellant instructing the jury that the State must prove by competent testimony beyond a reasonable doubt that the accused did in fact transport intoxicating liquors as that term is defined, and that it was not a violation of the law for a person to intend or to have an intention to transport intoxicating liquor. We think the appellant's theory of the case sufficiently safeguarded and presented by the charges given.

At the instance of appellant the court gave to the jury a special charge presenting the law of circumstantial evidence. Complaint is made in a bill of exceptions that in his argument to the jury the State's attorney insisted that the case did not rest wholly upon circumstantial evidence. Objection is made also that the court refused to give to the jury an additional charge instructing them, after the argument was over, that this was a case on circumstantial evidence. We do not deem the action of the trial court in refusing this request to be erroneous. The court gave the requested charge and told the jury that the case was one of circumstantial evidence. The only feature of the case which brought it within that rule was that the State witness testified that when he saw appellant going with the other Mexicans through the celebration grounds to the point where they were arrested, appellant was carrying a package about the size of a gallon jar of whisky, wrapped in a newspaper. The other two Mexicans with him had nothing in their hands. The officers followed the three men in the direction in which they were going and found them together with a newspaper wrapping lying on the ground and they had the gallon jar of whisky. It might be deemed doubtful as to whether the case was one on circumstantial evidence. We do not think the argument of the State's attorney of any material harm to appellant.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Appellant's motion is based on a misconception of the facts. The Mexican celebration which was in progress, was a public affair. There is not a suggestion in the record that appellant had any connection with the grounds on which same was being held. If he had been one of those who rented the ground for the purpose of holding the celebration, this would have given him no right to transport liquor thereto or thereon, but not a word of evidence supports the statement in appellant's motion that "Appellant and other Mexicans had rented said property". The grounds were enclosed. No witness said there were any automobiles within the enclosure. The officer who first saw appellant in the

grounds said he was "walking in the grounds from the entrance or the gate where they entered the Mexican celebration * * * had a bundle under his arm * * *. It was a big bundle with a newspaper wrapped around it * * * about the size of a gallon jug or jar." The officer further testified that as appellant crossed the grounds he motioned to two other Mexicans who followed him around the corner of the dance hall. In a moment or two the officer went to where the men had gone and found the three Mexicans with the gallon jug of whisky, and near by lay a newspaper which looked as though it had been wrapped around something. Appellant told them it was his whisky, said he got it from a white man in a big automobile. The officer carried him out of the grounds to an automobile.

Appellant testified that he gave money to Vicente Fonseca to get whisky with, and was told by Vicente that he went over on the other side of the river to get the whisky. Appellant denied having brought the whisky to where the officers said they saw and found it and him, but said that Vicente brought it. These facts in evidence sufficiently show that appellant brought the liquor to the celebration, and that he transported it within the meaning of the law. Warren v. State, 250 S. W. 429; Hill v. State, 256 S. W. Rep. 921; West v. State, 248 S. W. Rep. 371, and Lamb v. State, 255 S. W. Rep. 424, in nowise hold contrary to what we have just said.

Appellant further insists that if guilty at all, he was but an accomplice. Neither the State's testimony nor that for the appellant supports such a theory. That three. Mexicans were interested in or connected with this transaction seems without dispute. Appellant testified that three of them contributed the money with which the whiskey was bought. Scrutchin, Sanderson and Crook all testified that there were three and but three Mexicans engaged either in carrying the whisky or following each other to the place where they began to drink it and where the arrest took place. The State witnesses say appellant was the one carrying the jug and that the others were following or accompanying him. Appellant swore that Vicente got the jug of whisky with money furnished in part by him, appellant, for that purpose. Appellant said in his testimony · "We all got together and went to the place where we were drinking, me, Vicente and Francisco." One whose connection with a crime ends before its actual commission is an accomplice; but any person who shall engage in procuring aid, arms or means of any kind to assist in the commission of an offense, while others are executing the unlawful act, (Art. 76 P. C.) or any person who advises or agrees to the commission of an offense, and who is present when the same is committed,—is a principal, whether he aids or not in the illegal act. Art. 78, P. C. If, therefore, appellant gave money to Vicente

to procure the whisky with and the latter went across the river in pursuance of this agreement, got the whisky and was joined by appellant and Francisco while he was bringing the liquor back to the point where they were to drink it, this would make appellant guilty as a principal offender with Vicente in the transportation. If appellant be guilty by reason of his own transportation from some automobile or other point,—or by reason of being present advising and agreeing to such transportation by Vicente, he could be found guilty under either of these facts under the form of the indictment presented against him.

The court's charge told the jury that all persons who act together in the commission of an offense are principals, * * * and that the true criterion in determining who are principals is: Did the parties act together in the commission of the offense, etc., etc. The exception leveled at this latter paragraph of the charge seems hypercritical and without support. As above indicated, we think a charge on principals called for by the testimony, and that appellant might be found guilty either on the theory of his acting as the actual transporter, or on the theory of his acting together with Vicente.

Upon more mature consideration we have concluded that we were in error in the following matter. The learned trial judge did not submit in his main charge the law applicable to circumstantial evidence, but did give a special charge requested by appellant instructing the jury that the case was to be decided on that theory. When this special charge was given it became a part of the law of the case and was entitled to receive the same consideration at the hands of the jury as those instructions contained in the main charge. Such a charge should be given for no other purpose than that it is the law of the case. Manifestly it would be erroneous for the trial court to give an instruction to the jury, and in the customary language tell them they are to receive the law from the court which is herein given them, and then the State's attorney be permitted to assault any part of the charge and tell the jury that it is not the law and the court knows it is not the law and did not intend for them to be governed thereby. By an appropriate bill of exceptions in this case it is shown that in the closing argument for the State, and in the last few minutes of same, the district attorney told the jury, in substance, that this was not a case on circumstantial evidence, and that the court did not believe it to be such case, and that the court had simply given to them the special charge because appellant's counsel had requested same, and that it had been requested only by appellant's counsel in order that they might make a big speech in the case. Said bill further shows that at once after these statements the argument closed, and appellant asked that the

court give to the jury a special charge telling them again that the case was one on circumstantial evidence, and further that they should consider the special charge already given as the law of the case and entitled to the same weight and consideration as the general charge; and further that they should not accept the statement of the district attorney to the effect that.the court did not believe this a case on circumstantial evidence. The court refused to hold the jury until additional charges were prepared by appellant containing the matters just referred to, but told them they could consider the charges as prepared and refused. The court attaches a qualification to the bill of exceptions which does not seem to us to relieve the situation at all. The court may not give verbal charges to the jury, nor may he so sanction statements as to the law of the case made by the district attorney as in effect to make his approval thereof nullify charges already given. If this was a case on circumstantial evidence, as instructed by the court, the assault permitted by the district attorney should not have been allowed. We think this conduct of the district attorney and of the learned trial judge such as to necessitate a reversal of this case. The motion for rehearing is granted, the judgment of affirmance set aside, and the case is now reversed and remanded.

*Reversed and remanded.*