## P. A. KINSLOW v. THE STATE.

No. 9044.    Delivered May 15, 1925.

**1.—Possessing Intoxicating Liquor—Continuance—Erroneously Refused.**

Where the case of appellant was called for trial on May 5th and a motion for a continuance was made on account of the absence of two material witnesses, who had been duly summoned, and such application had been overruled, and the trial proceeded with, resulting in a hung jury, and immediately thereafter on the 8th day of May the case was again called for trial, and the motion for a continuance renewed, it was error to overrule the motion.

**2.—Same—Continued.**

Where two witnesses duly summoned failed to appear in response to such summons, and their testimony was material to appellant, who asked for a continuance on account of their absence, and the state on the same day filed a complaint against said absent witnesses, charging both with the same offense that defendant was being tried for, and they were afterward indicted for such offense, this procedure does not effect the error of the court in refusing the continuance.

**3.—Same—Continued.**

The fact that these witnesses were charged with liquor violations, would not render their testimony incompetent for the defendant, and had they been charged with the same identical transaction, the defendant would have had the right to a severance, and have them tried first, and if acquitted, use them as witnesses in his behalf.

**4.—Same—Evidence—Statements—Under Arrest—Held, Inadmissible.**

Where after his arrest, appellant was taken by the sheriff to a tank of water for the purpose of searching for some whisky, statements made by him at that time, were not *res gestae*, and should have been excluded. Following Clark v. State, 84 Tex. C. R. 390, 207 S. W. 98.

**5.—Same—Charge of Court—Circumstantial Evidence—Improperly Refused.**

Where the only direct evidence in the case was the testimony of a witness, that while about two hundred yards away he saw defendant leave his house with his arm full of fruit jars, containing whisky, the obvious impossibility for this witness to know this was whisky at so great a distance, required a charge on circumstantial evidence.

Appeal from the District Court of Lamar County. Tried below before the Hon. Ben. H. Denton, Judge.

Appeal from a conviction of possession of intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*Sturgeon & Wiygul,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was charged with and convicted of having in his possession intoxicating liquor, in the district court of Lamar County, and his punishment assessed at two years confinement in the penitentiary.

The record discloses that the appellant was charged by bill of indictment with said offense on the 12th day of April, 1924, and was arrested on the 14th day of April, 1924, and the case was called for trial on May 5th of said year, at which time the appellant made a motion for continuance for the want of the testimony of Mr. and Mrs. Ira Ellison, whom, it was alleged, would have testified that the defendant did not leave the house of said witnesses, and move any whiskey therefrom prior to his arrest, and that he did not transport any whiskey nor throw any whiskey nor jars of whiskey in any pool of water just prior to his arrest and that he did not in any way have any connection with transporting, possessing, or in any manner have anything to do with any whiskey on the day and at the time the defendant was arrested.

It was contended by the State, that the state's witness saw the defendant leave the house of said witnesses with arm full of fruit jars of whiskey and threw same into a tank just immediately before his arrest, and the State and defendant alike applied for subpœnas for said witnesses, and they had been duly served and when the case was called for trial on May 5, the defendant made motion

for continuance for the want of said testimony, but the court overruled said motion and forced defendant to trial which resulted in a hung jury, and the court immediately thereafter on the 8th day of May, again called said case for trial, when the defendant renewed said motion for continuance for said witnesses and the State on the same day filed a complaint or had complaint filed charging both of said witnesses with the same offense that the defendant was then being tried for, and later on, on the 17th day of May, the grand jury returned an indictment against the said witnesses. The court in overruling the motion for continuance, and in qualifying the bill, stated "that prior to and at the time said defendant's motion for continuance was passed on by the court, said Mr. and Mrs. Ira Ellison were fugitives from justice, charged with the offenses of liquor violations, they were charged with said offenses by complaint at first and then indicted by the Grand Jury and have never been apprehended."

The fact that these witnesses were charged with liquor violations would not render their testimony incompetent for the defendant, and had they been charged with the same identical transaction, then under the law, the defendant would have had the right to have presented a motion for severance, and have them tried first and if acquitted use them as witnesses in his behalf. From the bill of exception and the court's explanation thereof, we are of the opinion that the defendant used due diligence in attempting to procure this testimony which the record shows would have been very material to this defendant on the vital issue in his case, and the court was in error in overruling said motion.

There is some complaint made to the court's action in permitting the sheriff to testify as to what the defendant told him about finding whiskey in the tank of water after the sheriff and depuy sheriff had gone to the house and taken the defendant down to the tank for the purpose of searching for the whiskey in question. We think the court was in error in admitting this testimony and under the authorities, that the defendant was then under arrest. Clark v. State, 84 Texas Crim. Rep. 390, 207 S. W. 98.

There is also complaint made to the court's action in refusing to give a charge on circumstantial evidence in this case. The record discloses that one of the State's witnesses testified that while he was about two hundred yards away he saw the defendant leave the house with his arm full of fruit jars containing whiskey and take them off about fifty or seventy five yards from the house and throw them in a hole of water, three of them, and then he and the sheriff raked the hole of water and got three fruit jars of whiskey out of it. It was impossible for this witness to know this was whiskey at so great a distance and was assuming same to be whiskey from subsequent results. We are of the opinion that under the facts

of this case, the court should have submitted a charge on circumstantial evidence.   Rodriguez v. State, (recently decided by this court but yet unpublished.)

For the errors above discussed, we are of the opinion that the judgment of the lower court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.