## RALPH CHEW V. THE STATE.

No. 8941. Delivered April 14, 1926.

Rehearing denied State June 9, 1926.

**1.—Transporting Intoxicating Liquor — Requested Charge — Properly Refused.**

Where on a trial for transporting intoxicating liquor, appellant requested the court to charge the jury that though he was present when the whiskey was being transported, unless he did some affirmative act, or encouraged by words those actually engaged in the commission of the offense, to acquit him, such an issue was not even remotely raised by the evidence, and the charge was properly refused.

**2.—Same—Charge of Court—On Circumstantial Evidence — Improperly Refused.**

Where the state relied for a conviction on the testimony of the sheriff which was to the effect that he saw appellant and another man carry a bundle of some sort to, and place it on the back of appellant's car, and that afterward he arrested the parties, and on searching appellant's car, found therein 12 quarts of whisky. This testimony called for a charge on circumstantial evidence, and it was error for the trial court to refuse same. See Weaver v. State, 257 S. W., 253, and Kyle v. State, 270 S. W., 1,020.

### ON REHEARING BY STATE.

**3.—Same—Circumstantial Evidence—Charge on—Improperly Refused.**

On rehearing by state, an examination of the record confirms us in our original opinion that the trial court erred in refusing to charge on circumstantial evidence, and the motion for a rehearing is overruled.

Appeal from the District Court of Caldwell County. Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*E. B. Coopwood, C. F. Richards* and *Charles L. Black,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Caldwell County for unlawfully transporting intoxicating liquor, and his punishment assessed at one year in the penitentiary.

It was the contention of the State, and evidence was introduced

to that effect, that the appellant and one Schroeder, on a public road three miles out of the city of Lockhart, transferred about 12 quarts of whiskey from a Buick car that was in the possession and under the control of said Schroeder and one Stroehmer about 10 or 15 feet and placed it in the back end of appellant's car, just before the sheriff, Ellison, arrived upon the scene of action and arrested all of said parties. The appellant defended upon the ground that he knew nothing of said whiskey being in his car, or how it came to be there, and that he did not participate in removing said whiskey, as contended by the State. He further testified that he was not interested in, or in any manner connected with, said whiskey; that he had driven from Lockhart to said locality and stopped his car in close proximity to the Buick car, and that he and Stroehmer had gone about 50 or 60 yards to the creek for the purpose of taking a drink of whiskey out of a small bottle which Stroehmer had, when the sheriff walked up and arrested them.

The record discloses thirteen bills of exception, most of which complain of the action of the court in charging the law on principals and in refusing to give special charges requested by the appellant. We do not deem it necessary to discuss any of the bills of exception except those relating to the court's refusal to give appellant's special charges Nos. 7 and 8.

In special charge No. 7 the court was requested to instruct the jury that the mere presence of a person at the time and place of the commission of an offense is insufficient to constitute such person a principal, although he might mentally agree to the commission of such offense, and that to make such person a principal he must take some affirmative action in the commission of the offense, or aid or encourage a party actually engaged in committing such offense. We are unable to perceive any error in the court's refusal of this charge, because this issue was not raised, as we view and understand the record. The State's contention was that the appellant was actually engaged in handling the whiskey in question, and it was appellant's contention that he was not present at said time and place and knew nothing of such matters, but was 50 or 60 yards from the point where the State contended the whiskey was being handled at said time. It will therefore readily be seen that the question of being present without participating in the commission of the offense was not an issue raised by the testimony.

Special charge No. 8 was predicated upon the law of circumstantial evidence. It was presented in due time and in proper form, refused by the court, and exception properly taken to

the action of the court in refusing same. Appellant's counsel strenuously insist that the evidence relied upon by the State clearly raised the issue of circumstantial evidence and that the refusal of the court to give this special charge constitutes reversible error. The State relied for a conviction upon the testimony of the sheriff, Ellison, which was to the effect that on the evening of the alleged offense he had observed on the road and near the place of the arrest one Schroeder and one Stroehmer in a Buick car, and a short time thereafter he observed the appellant in a Ford roadster going in that direction; that he followed appellant until within some 300 yards from the scene of the alleged offense, at which point he climbed a tree and observed the appellant and Schroeder take a bundle from the Buick car and put it in the appellant's car; that both the appellant and Schroeder had hold of the bundle, which they carried a distance of 10 or 15 feet, from the Buick car to the Ford roadster, both of which were standing in the public road at the time. The sheriff further testified that at this point in the proceedings he got in his automobile and drove down to where the two cars were, but when he got there the parties had left and had gone into the pasture south of the road. The witness stopped his automobile, got out, and went down to where the parties were and there found some soda water bottles containing soda water. He arrested said parties and took them back to appellant's car, in which he found 12 quarts of whiskey in a "grass sack." It will be observed from the testimony stated that the jury would be forced to infer that the bundle which the State's witness claimed to have seen appellant and Schroeder transferring from the Buick car to the Ford roadster was the "grass sack" found in said roadster with the whiskey in it. The record also is silent as to what else, if anything, was in appellant's car except the "grass sack" and no testimony showing whether there was or was not any other bundle in appellant's car answering the description of the bundle seen by the sheriff as it was being transferred from the Buick car to the roadster by appellant and Schroeder. As a matter of fact, the transaction relied upon by the State for a conviction is left entirely to the inference of the jury to determine whether or not the appellant and Schroeder were transferring whiskey from one car to another, and as far as this record goes, the jury could have as easily inferred that the appellant carried the whiskey in his roadster to the scene of the alleged offense, instead of receiving it after he reached there. Under this state of facts, we are forced to the conclusion that the trial judge was in error in refusing to submit to the

jury the law on circumstantial evidence.  Mr. Branch, in his Annotated Penal Code, Sec. 2478, stated, "If the main fact is proved as a matter of inference from other facts in evidence, the case rests wholly, in the legal sense, upon circumstantial evidence," and in support thereof cites many authorities.  Also see Weaver v. State, 257 S. W., 253, and Kyle v. State, 270 S. W., 1020.

For the error above mentioned, we are of the opinion that the judgment of the trial court should be reversed and the cause remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Without further analysis of of the evidence, we are of the opinion that it was such as to impel the learned trial judge to comply with the request of the appellant to charge the jury on the law of circumstantial evidence.

The motion for rehearing is overruled.

*Overruled.*