### H. N. RICE v. THE STATE.

No. 11328.   Delivered January 18, 1928.

**Transporting Intoxicating Liquor—Charge of Court—On Circumstantial Evidence.**

Where officers in hiding saw appellant and a companion stop an automobile they were driving on a public road, and the companion of appellant take twelve half-gallon jars of whiskey out of the car and secrete it, where it was found by the officers, and found to be whiskey, the court erred in failing to charge on circumstantial evidence. See Bailey v. State, 97 Tex. Crim. Rep. 312; Rodriguez v. State, 271 S. W. 380, and Chew v. State, 284 S. W. 559. Distinguishing Kinslow v. State, 272 S. W. 469.

Appeal from the District Court of Johnson County. Tried below before the Hon. Irwin T. Ward, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Jno. K. Russell* and *W. E. Myres* of Cleburne, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor, penalty two years in the penitentiary.

Appellant and his companion Rowe were in a car in a public road near where officers were secreted in the brush. Mr. Rowe at that time alighted from the car, looked around for a few minutes. Appellant drove the car on down the road a distance of about 150 yards from the officers and Rowe there again alighted and took out of the car twelve half-gallon jars of whiskey and hid them in the brush on the north side of the road, the officers being on the south side. The car was driven off and subsequently the officers searched the brush and found twelve half-gallon jars of whiskey. It is insisted that these facts demanded a charge on circumstantial evidence.

We quote excerpts from the authorities as follows:

"There is positive testimony from Autry that while appellant was riding in a buggy along a public road he threw something from the buggy into a dry creek at a point near a bridge. Autry was not close enough to identify this object at the time it was thrown out, but the discovery of the whiskey at that point would be a circumstance indicating this was the object thrown from the buggy; if this were all the testimony upon that point the case would remain one of circumstantial evidence." Bailey v. State, 97 Tex. Crim. Rep. 312.

"The officer who first saw appellant in the grounds said he was 'walking in the grounds from the entrance * * * had a bundle under his arm *。 * * it was a big bundle with a newspaper wrapped around it * * * about the size of a gallon jug or jar.' * * * In a moment or two the officers went to where the men had gone and found the three Mexicans with a gallon jug of whiskey and nearby lay a newspaper which looked as though it had been wrapped around something. Appellant told them it was his whiskey. Said he got it from a white man in a big automobile. Rodriguez v. State, 271 S. W. 380.

The court charged upon circumstantial evidence and because the District Attorney argued to the jury that the case was not one of circumstantial evidence and that the court did not believe it to be so, the case was reversed by this court in an opinion by Justice Lattimore. Subsequently this Court reversed the case of Kinslow v. State, 272 S. W. 468, upon the authority of the Rodriguez case, above cited. We quote from the Kinslow case:

"The record discloses that one of the state's witnesses testified that while he was about 200 yards away he saw the defendant leave the house with his arm full of fruit jars containing whiskey and take them off about 50 or 75 yards from the house

and throw them in a hole of water, three of them, and then he and the sheriff raked the hole of water and got three fruit jars full of whiskey out of it. It was impossible for this witness to know this was whiskey at so great a distance and was assuming same to be whiskey from subsequent results. We are of the opinion that under the facts of this case the court should have submitted a charge on circumstantial evidence. Rodriguez v. State, 271 S. W. 380."

See also case of Chew v. State, 284 S. W. 559, for a state of facts somewhat similar to the instant case.

The officers testifying in this case, as in the Kinslow case, could not have known at the distance they were that appellant's companion had carried whiskey and hidden it. That there was whiskey being transported is deducible only from the circumstance of its later having been found in the brush.

We are not able to distinguish the facts of this case from those cited above and believe that under these authorities the issue was raised and the court's action in refusing to give a charge on circumstantial evidence was error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.