### J. D. SCARBOROUGH V. THE STATE.

No. 11580.  Delivered May 2, 1928.

**Transporting Intoxicating Liquor—Charge of Court—On Circumstantial Evidence—Erroneously Refused.**

Where, on a trial for transporting intoxicating liquor, the guilt of appellant depending upon an inference to be drawn from circumstances only, it was error for the trial court to refuse to charge on circumstantial evidence. See Kinslow v. State, 272 S. W. 468, and other cases cited.

Appeal from the District Court of Camp County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

*Florence & Florence* of Gilmer, and *Everett Bryson* of Pittsburg for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense the unlawful transportation of intoxicating liquor, penalty one year.

Officers testified that appellant came up on the Cotton Belt Railroad track at night. They followed him and he ran. They heard bottles rattling and observed him throwing some bottles. It was too dark for them to tell what, if anything, was in the bottles. They could just see the "flash of the bottles." They followed appellant up town, arrested him, and detected the odor of whiskey on his clothes, took him to the sheriff and after a few minutes went back over the route traversed by appellant and themselves and found about six bottles, three of which had whiskey in them.

Appellant properly excepted to the court's failure to charge on circumstantial evidence and insists that the evidence raised such issue. That appellant had in his possession whiskey and transported same was an inference to be drawn from circumstances only. It was not and could not be shown by direct evidence from the witnesses who testified that the bottles found were the identical bottles carried by appellant. The jury was authorized to deduce guilt from three circumstances, namely: That appellant ran and threw some bottles away, that he had the odor of whiskey about him when arrested, and that some bottles of whiskey were found near the route traversed by him when he ran. The identity of these bottles of whiskey rested also upon circumstantial evidence. In our opinion a charge on circumstantial evidence was demanded and its refusal by the court was reversible error. Kinslow v. State, 272 S. W. 468; Chew v. State, 284 S. W. 559; Bailey v. State, 260 S. W. 1057; Rodriquez v. State, 271 S. W. 380; Rice v. State, 1 S. W. (2nd) 1093.

For the error discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.