**SCARBROUGH v. STATE.   (No. 11580.)**

Court of Criminal Appeals of Texas.   May 2, 1928.

Criminal law ☞784(1)—Refusal of charge on circumstantial evidence held error, where identity of liquor bottles defendant was charged with transporting rested on circumstantial evidence.

In prosecution for unlawful transportation of intoxicating liquor, where jury could deduce guilt from three circumstances, namely, that defendant, when followed by officers, ran and threw bottles away, that he had odor of whisky about him when arrested, and that some of bottles of whisky were found near route traversed

by him when he ran, identity of which rested upon circumstantial evidence, refusal of requested charge on circumstantial evidence *held* error.

Commissioners' Decision.

Appeal from District Court, Camp County; R. T. Wilkinson, Judge.

J. D. Scarbrough was convicted for unlawful transportation of intoxicating liquor, and he appeals. Reversed and remanded.

Florence & Florence, of Gilmer, and Everett Bryson, of Pittsburg, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. ˙ Offense, the unlawful transportation of intoxicating liquor; penalty, one year.

Officers testified that appellant came up on the Cotton Belt Railroad track at night. They followed him, and he ran. They heard bottles rattling, and observed him throwing some bottles. It was too dark for them to tell what, if anything, was in the bottles. They could just see the "flash of the bottles." They followed appellant up town, arrested him, and detected the odor ·of whisky on his clothes, took him to the sheriff, and after a few minutes went back over the route traversed by appellant and themselves, and found about six bottles, three of which had whisky in them.

Appellant properly excepted to the court's failure to charge on circumstantial evidence, and insists that the evidence raised such issue. That appellant had in his possession whisky and transported same was an inference to be drawn from circumstances only. It was not and could not be shown by direct evidence from the witnesses who testified that the bottles found were the identical bottles carried by appellant. The jury was authorized to deduce guilt from three circumstances, namely: That appellant ran and threw some bottles away; that he had the odor of whisky about him when arrested; and that some bottles of whisky were found near the route traversed by him when he ran. The identity of these bottles of whisky rested also upon circumstantial evidence. In our opinion a charge on circumstantial evidence was demanded and its refusal by the court was reversible error. Kinslow v. State, 100 Tex. Cr. R. 140, 272 S. W. 468; Chew v. State, 104 Tex. Cr. R. 417, 284 S. W. 559; Bailey v. State, 97 Tex. Cr. R. 312, 260 S. W. 1057; Rodriquez v. State, 100 Tex. Cr. R. 11, 271 S. W. 380; Rice v. State (Tex. Cr. App.) 1 S. W.(2d) 1093.

For the error discussed, the judgment is reversed, and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and·Indexes