PERRY TODD v. THE STATE.

No. 11899. Delivered June 20, 1928.

The opinion states the case.

*Frank C. Dickey* of Ballinger, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, one year in the penitentiary.

Prosecuting witness, Collins, testified that he saw the appellant hide two objects at a distance from him of about two hundred yards, which appeared like beer bottles. They were taken from a car and later witness went up to the vicinity of where he saw appellant and there found two half gallon jars of corn whiskey, which he took to the Sheriff. Without detailing the evidence minutely, suffice it to say that there was a sharp issue made of appellant's guilt.

It is made to appear by Bill of Exception No. 7 that the District Attorney in his closing argument to the jury used the following language:

"Now with reference to Mr. Dickey's questioning, that the prosecuting witness was mad because the defendant would not marry his sister, why, I would rather my daughter would have a dozen illegitimate children than to marry a man like that."

The bill further recites:

"That said remarks were a comment upon the following testimony of the defendant which had been by the court excluded from the jury: 'I have just one baby. I have not got any young female relative besides that, not since I have married. There are no other babies very closely related to me that I know of.'"

The appellant objected to said remarks and requested the Court to instruct the jury not to consider the same, which was by the Court refused. The excluded testimony which the State had gotten before the jury appears inadmissible and of a highly prejudicial character. The action of the District Attorney in getting this improper matter before the jury was followed in argument by a statement which amounted in effect to a reiteration of the insinuations contained in his former questions. That appellant's rights were violated is, we think, too plain to require any discussion. It is useless to cite authorities, they are almost numberless.

We have examined all of the remainder of appellant's bills and do not think there is any merit in any of them. Most of them relate to trivial matters and others that will not likely again occur.

We note that the Court failed to charge on circumstantial evidence. There was no exception taken to this but in view of another

trial, we suggest that under several decisions of this Court that such a charge was demanded. Prosecuting witness was not in position to know what appellant took from his car nor what he hid. He thought it was beer bottles. What was thereafter found was a circumstance from which it might be inferred that appellant had transported liquor. Both the identity of the liquor and its transportation depended upon proof of circumstances. Rice v. State, 1 S. W. (2nd) 1093; Kinslow v. State, 272 S. W. 468; Chew v. State, 284 S. W. 559.

For the said error shown in Bill of Exception No. 7 the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.