ROBERT TARRANT v. THE STATE.

No. 12820. Delivered January 15, 1930.
Reported in 23 S. W. (2d) 371.

The opinion states the case.

*Butler, Price & Maynor* of Tyler, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, two years in the penitentiary.

Two officers went out just before daylight looking for an automobile, the description and number of which had been furnished them. A Whippet car approached and the officers attempted to stop it. The driver refused to stop. The officers gave chase. They followed him about seven miles, failing to apprehend him. During the chase one of them "saw a man pitch something to the left over the fence, bulky something." After the chase was over, they returned to this spot and found a quantity of whiskey.

Appellant's testimony shows that he owned and operated a barber shop in the town of Frankston in an adjoining county and introduced many witnesses, who testified to his presence in his home town on the morning the offense was alleged to have been committed.

It is correctly contended, we think, that the Court erred in refusing to charge on circumstantial evidence. The transportation of whiskey by appellant was an inference to be drawn from several circumstances, chief of which was the fact that someone threw a bulky object from the car in which appellant was riding at a point where whiskey was afterwards found. Nobody saw whiskey in the car. Nobody was able to say that the "bulky object" thrown from the car was whiskey. Whether it was in fact whiskey rested upon proof of circumstances. There are several cases whose facts practically parallel the instant case in which a charge on circumstantial evidence was held necessary. Bailey v. State, 97 Tex. Crim. Rep. 312; Rice v. State, 1 S. W. (2nd) 1093; Rodriquez v. State, 100 Tex. Crim. Rep. 11; Kinslow v. State, 100 Tex. Crim. Rep. 140.

The judgment of conviction is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.