ALVIN DOSSEY v. THE STATE.

No. 13179. Delivered March 26, 1930.
Reported in 26 S. W. (2d) 265.

The opinion states the case.

*Tom R. Mears* of Gatesville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful transportation of intoxicating liquor; penalty, one year in the penitentiary.

Witness Walter Manning in company with Crockett Brown picked appellant up in the town of Gatesville and together they went out into the country in Manning's car. Brown and appellant left witness Manning by the roadside without announcing their destination. In a little while they returned. Manning drank liquor with Brown upon their return. Returning to town, they started home. Manning was asleeep. Officers came upon the car parked by the roadside. Appellant was at the steering wheel of Manning's car at this time and the car started down the road when the officers appeared. They crowded it into a ditch after about a two or three hundred yard run. Objects were pitched from the car by one of its occupants. When the car stopped and was searched, nothing was found in it. Later, along the route just traversed by them, some beer and whisky was found. No witness testified directly to the presence of whisky or intoxicating liquor in the car.

Objection was made to the testimony of officers that something was thrown from the car on the ground because it was not shown that appellant either knew anything of such acts or knew of the presence of any intoxicating liquor in the car. We regard this as a circumstance against appellant, it appearing that the acts occurred under circumstances which would justify the inference that he had knowledge of same. The objection goes to its weight rather than its admissibility.

However, the reasoning which makes this testimony admissible also requires a charge upon circumstantial evidence. It was dark and witnesses were not in position to testify what was thrown from the car. That intoxicating liquor was in the car was only an inference to be deduced from the circumstance that later on such was found on the route travelled by appellant. It has been oftimes decided that such a state of facts demands a charge on circumstantial evidence. Kinslow v. State, 100 Tex. Crim. Rep. 140, 272 S. W. 468; Chew v. State, 104 Tex. Crim. Rep. 417, 284 S. W. 559; Bailey v. State, 97 Tex. Crim. Rep. 312, 260 S. W. 1057; Rodriquez v. State, 100 Tex. Crim. Rep. 11, 271 S. W. 380; Rice v. State, 1 S. W. (2nd) 1093; Scarbrough v. State, 4 S. W. (2nd) 1055; Todd v. State, 8 S. W. (2nd) 117. The Court should have responded to appellant's exception and given a charge upon this phase of the case.

It was the theory of the appellant that he was a guest in this car and it not being shown directly that he ever handled, possessed or knew of the presence of the intoxicating liquor in the car, that he was entitled to an affirmative instruction to acquit if the jury entertained a reasonable doubt as to his knowledge of the presence of intoxicating liquor in the car at the time he drove same. We think the evidence sufficiently raised this issue to demand a charge on same. Rhoden v. State, 102 Tex. Rep. 413, and authorities there cited.

Other contentions of appellant are deemed without merit.

For the errors discussed, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.