ART MATHIS v. THE STATE.

No. 13259.    Delivered April 23, 1930.
Reported in 27 S. W. (2d) 194.

The opinion states the case.

*Douglass & McConnell* of Pampa, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

Complaint is made of the refusal of a continuance sought for three absent witnesses. We think no diligence is shown. The indictment was returned August 16, 1929. Application for subpoena for two of the witnesses referred to in the request for continuance, to-wit: Parker and Wilkins, was made on August 19th. This

subpoena was issued August 20th. Same was returned August 27th, and showed no service upon said witnesses. The subpoena was to Gray county. On August 29th subpoenas were sought for Parker, the application for which stating that he was either in Carson or Gray county, and for Wilkins to Gray county. Whether such subpoenas were ever issued, or to whom same were delivered, if issued, or what became of same, is not shown by the record.

The third absent witness was J. W. Mitchell. The first request for process for this witness was made on August 27th. The application stated that he was in Gray or Wheeler county. This subpoena was returned August 29th not executed, stating that the witness was out of the county. Another subpoena was issued for and obtained on August 29th stating that the witness Mitchell was in Donley county working at a hotel in Clarendon. What became of this process does not appear. The application for continuance gives the residence of Wilkins and Parker as being in Gray county, and of Mitchell as being in Clarendon, Donley county. We regard the action of the trial court in declining to continue the case, as one entirely within the limit of the judicial discretion confided in him.

Bill of exception No. 2 complains of the failure of the trial court to define the words "reasonable doubt." No authorities are cited holding it necessary to give such definition. In Sec. 11 of Mr. Branch's P. C., many authorities are cited holding that attempts to amplify, explain or belittle the words "reasonable doubt" almost always lead to a reversal. King v. State, 57 Texas Crim. Rep. 369; Johnson v. State, 27 Texas Crim. App. 163.

Bill No. 3 sets up exception taken by appellant to the failure of the trial court to instruct the jury upon the law of circumstantial evidence. In this connection attention is called to the fact that a special charge submitting such theory was refused. The facts showed that witnesses pursued appellant, who was alone in a car on a highway, and saw him throw a package from the car. They went at once to the package, put it in their car and took it to town, kept it and same was produced and identified upon this trial. Said witnesses testified that the package, when they got it, contained four unbroken jars of whisky and two that were broken. One of said officers, Mr. Lindsey, testified: "I saw this package thrown out of the defendant's coupe * * *. We were around one hundred and fifty yards from him at the time * * * We stopped when we got to the package * * * The package came out on the north side of the car * * * The car was four or five feet from the point

this whisky landed in the barpit * * * the ground was level * * * This package that I saw the defendant throw out of the car is the same package that we stopped and picked up * * * It contained six gallons of whisky." Mr. King testified: "I saw him throw out a pasteboard box * * * on the north side of the car * * * I saw this package come out of the car * * * When we got to that package we stopped * * * There were six jars of whisky, two broken * * * I could see the box from the time it was thrown out until I got to it. I kept my eyes on it all the time as much as I could and drive * * * it was the same box. It was right there in my view all the time." This plainly was a case of direct evidence and not dependent upon circumstances. Mr. Underhill in Sec. 4 of his work on Criminal Ev., says: "Direct evidence of the crime is the evidence of an eyewitness that the crime was committed." Appellant was seen driving his car. This was transportation. The officers saw a package come out of the car while it was moving. They went at once to the spot,—one of them saying that he saw the package from the time it was thrown out until they picked it up. They examined the contents of said package and testified that it was whisky. This showed them to be eyewitnesses of the transportation of the whisky.

Appellant cites Rice v. State, 1 S. W. (2d) 1093. The language of the statement of the facts in that case was perhaps not intended. If, as therein stated to be facts, the accused drove his car to a point at which his companion alighted from the car and took from same twelve half gallon jars of whisky,—these facts would make out a case of transporting intoxicating liquor. If, however, the testimony in that case showed that the companion of accused alighted from the car one hundred and fifty yards from where the officers were secreted in a thicket on the south side of the road, and was seen to take something out in the brush on the north side of the road, and the officers later searched the brush on said north side and found twelve jars of whisky, this would appear to be a case of circumstantial evidence, and these were probably the facts. In Bailey v. State, 97 Texas Crim. Rep. 314, cited in the case of Rice v. State, supra, it was shown that the accused was seen to throw something out of his buggy near a bridge. Upon a search later of the vicinity near this bridge a broken bottle having the odor of whisky was found, and also an unbroken bottle. This was plainly a case of circumstantial evidence. In the Rodriquez case, 100 Texas Crim. Rep. 11, also cited in the case of Rice v. State, supra,

we said that it was doubtful on the facts of that case if same was one of circumstantial evidence, but the trial court having charged the jury that it was such, the State's attorney had no right to assault the charge and tell the jury that same was not the law, and that the court knew it to be not the law, and did not intend for them to be governed thereby. So in Kinslow v. State, 100 Texas Crim. Rep. 140, a witness saw from a distance of two hundred yards or more the accused throwing fruit jars into a water tank. Later the tank was dragged and certain jars of whisky found. This was held to be a case of circumstantial evidence. So in Tarrant v. State, 23 S. W. (2d) 371, whose facts show that officers pursued the accused and saw him throw something over a fence. After concluding a chase of several miles after accused the officers returned and searched along the fence and found some whisky, and this was properly held a case of circumstantial evidence. We do not understand from any of these cases that the witnesses undertake to say as a matter of personal knowledge and fact that they were in position to know what they were talking about and that what they saw come out of a car was something which they immediately examined and discovered to be whisky. The difference between the cases cited and the instant case seems clear. The instant case rests upon no inferences or conclusions, but consisted of a statement of facts known to the officers and seen by them. We think the court did not err in the matter complained of.

We do not regard the complaints set out in bills of exception 4 and 5 of any materiality. Evidently the jury were not inflamed or prejudiced as evidenced by the fact that they gave to appellant the lowest penalty.

The judgment will be affirmed.

*Affirmed.*