STACY CHILDRESS V. THE STATE.

No. 15058.   Delivered March 23, 1932.

The opinion states the case.

*Louis D. Johnston,* of Waxahachie, for appellant.

*Archie D. Gray,* Criminal District Attorney, of Waxahachie, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for one year.

It was alleged in the indictment, in substance, that appellant sold intoxicating liquor to Jack Reynolds. Reynolds testified that he, Frank Mosley, Jack Lightsey, James Colvin, and Dave Mosley went to appellant's home at 9 o'clock at night and bought a quart of whisky from appellant. He positively identified appellant as the person who sold him the whisky. He testified, however, that he had never seen appellant before he made the purchase from him. The witness accompanying Reynolds also positively identified appellant, but testified that they had never seen him before.

Appellant introduced several witnesses who testified that he and his wife had gone to a neighbor's house early in the evening and were there playing forty-two during the entire evening. The testimony of these witnesses placed appellant at another and different place when the alleged sale of whisky was made. Appellant introduced in evidence a voluntary

statement made by his brother, which read as follows: "After being warned by Archie D. Gray that I am charged with sale of intoxicating liquor and that I do not have to make any statement at all about said charge unless I want to, and any statement that I do make must be voluntary and can be used in evidence against me on the trial of my case, I make the following voluntary statement to the said Archie D. Gray. My name is Doil Childress. I am twenty years old. I live with Stacy Childress, who is my brother. On Friday night April 10th, 1931, some boys came to Stacy's house and wanted to buy some whisky. Stacy nor his wife was at home. Stacy's small baby was there on the bed. I was in my underwear. One of the boys came up first and then three others came up. They came in the front room. I sold them two pints of whisky. They made up $3.00 between them and dropped it on the floor. I picked this money up."

Appellant filed his first application for a continuance, in which he alleged that he was not ready for trial on account of the absence of Doil Childress, his brother, and other witnesses who would testify, in effect, that Doil Childress sold the liquor to Reynolds and his companions, and that appellant was not at home at the time and had nothing to do with the sale. The testimony of the absent witnesses was material. The opinion is expressed, however, that appellant failed to meet the demand of the law as to diligence, in that he waited too long after his indictment and arrest to issue process for the witness.

Bill of exception No. 2 presents the followng occurrence: The father of the alleged purchaser of the whisky testified for the state. He was permitted to testify over appellant's objection, that when his son came home about eleven o'clock on the night in question he told him he bought the whisky from appellant, and that he (the witness) then took his son over to the officers and turned appellant in. It is certified in the bill of exception that appellant was not present at the time of this occurrence. That this statement was hearsay is obvious. On the issue as to whether appellant or his brother, Doil Childress, sold the liquor, the statement of the witness might have turned the scales against appellant. The testimony was so obviously inadmissible for any purpose that an objection most general in its terms is sufficient to bring in review the action of the trial judge in receiving such testimony.

Bill of exception No. 3 relates to the action of the trial court in permitting the district attorney to ask appellant's wife on cross-examination, in effect, if she did not know that Reynolds and his companions went before the grand jury and testified that appellant and not Doil Childress sold the whisky to them; and, further, if she did not know that Doil Childress and appellant were near the grand jury room and were observed by the witnesses before they entered the room and testified that appellant was the guilty party. Appellant timely and properly objected to the

question of the district attorney. It is true that the witness answered in the negative. Nevertheless, the question carried the imputation that the matter inquired about actually occurred. Appellant made no attempt to prove that the witness Reynolds and his companions had made statements out of court inconsistent with and contradictory to their testimony given on the trial. This matter presents error.

The issue of guilt was closely contested. The erroneous reception of the testimony referred to probably turned the scales against appellant.

The judgment is reversed and the cause remanded.

*Rversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.