## T. G. BECKHAM v. THE STATE.

No. 16641. Delivered April 25, 1934.

The opinion states the case.

*Early & Johnson,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of a still for manufacturing intoxicating liquor; the punishment, confinement in the penitentiary for one year.

A former appeal is found reported in 58 South Western, Second Series, at page 102.

The testimony found in the record on the present appeal is substantially the same as that set forth in the former opinion. Officers waited near a still which was located on a place adjoining appellant's farm. In a few minutes Fred Sullivan came to the still. A little later appellant appeared. The officers testified that appellant had some wood in his arms, a part of which he used to build a fire under the still. One of the officers testified that appellant poured some mash into the still, and that he also stirred the mash in two of the barrels. When the officers made their presence known, appellant ran away. It appears that Sullivan stayed at appellant's home. Appellant did not own or control the property on which the the still was located.

Sullivan testified for appellant that the still belonged to him, and that appellant had no interest in it and had not aided him in any way in manufacturing intoxicating liquor. In short, his testimony, if believed by the jury, would have exonerated appellant. Appellant declared that he went to the still for the purpose of getting some whisky. He denied that he had any interest in the still and said that he was not in any way connected with Sullivan in possession of the still. He admitted that he might have placed a stick of wood in the fire, but denied that he placed any mash in the still.

In bill of exception No. 2 it is certified that the argument hereinafter set forth had no support in the evidence. In his closing argument to the jury the district attorney used language as follows:

"That Tol Beckham (meaning the defendant) is the King Bee of all of the liquor bunch up there (meaning that portion of Mills County where the defendant was living at the time) and is the bell wether, and is the man who is guilty of all the liquor

violations up there, and for that reason he should be convicted in this case."

Appellant's objection to the argument was sustained, the court submitting to the jury a written instruction to disregard the remarks for any purpose. We think the argument of such nature as to call for a reversal notwithstanding the instruction. It is the rule that, if the argument is of such nature as to be obviously hurtful and prejudicial, it will call for reversal notwithstanding the fact that the court instructed the jury to disregard such argument. Beckham v. State, 58 S. W. (2d) 102, and authorities cited. Obviously the remarks of the district attorney were in the nature of unsworn testimony to the effect that appellant was a bootlegger and the leader of the bootleggers in his community. Without being sworn, the district attorney testified in argument that appellant was a criminal generally. A similar situation was presented in Weatherspoon v. State, 14 S. W. (2d) 1038. Weatherspoon was upon trial for possessing intoxicating liquor for the purpose of sale. There was no testimony in the record from any source that he had been selling intoxicating liquor. In his argument the district attorney stated that Weatherspoon was peddling whisky. We held the argument to be obviously prejudicial and ordered a reversal of the judgment. See also Miller v. State, 36 S. W. (2d) 158; Pendleton v. State, 26 S. W. (2d) 240; Ayers v. State, 27 S. W. (2d) 540.

Bill of exception No. 3 presents the following occurrence: It was elicited from appellant upon cross-examination that he had been indicted in Brown County in 1929 for possessing intoxicating liquor for the purpose of sale. The court instructed the jury that such testimony could be considered only for the purpose of affecting the credibility of appellant as a witness, if it had such effect, and for no other purpose. In commenting upon the charge limiting such testimony, the district attorney, in argument to the jury, stated, in effect, that if a man testified that he had been indicted for theft in one county and also had been indicted in another county for theft, that it would look like he would be guilty of the theft for which he was then upon trial. Appellant's objection to this argument was sustained, and the jury instructed not to consider the remarks for any purpose. In view of the withdrawal of the remarks, we do not decide whether the bill reflects reversible error,—but we hold that the argument was improper. Testimony relative to the former indictment had been admitted by the court for the sole purposes of testing the credibility of appellant as a witness. It could not be legitimately used for any other purpose. The district attorney improperly drew the inference that appellant was guilty in the present case

from the fact that he had theretofore been indicted for the possession of intoxicating liquor in another case. Reich v. State, 13 S. W. (2d) 697, and authorities cited.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.