## PAT DEW v. THE STATE.

No. 16925. Delivered January 16, 1935.
Reported in 77 S. W. (2d) 1051.

The opinion states the case.

*Early & Johnson,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of unlawfully selling intoxicating liquor, and his punishment was assessed at confinement in the State penitentiary for a term of one year.

The testimony adduced by the State, briefly stated, is as follows; On the 2nd day of December, 1933, L. F. Dennis purchased from appellant, who owned and operated the Blue Eagle Cafe in the town of Brady, Texas, two pints of whisky for which he paid two one dollar bills. When the witness entered the cafe and asked for whisky the appellant told him that he did not have any but said he could get some. Appellant then left the cafe and returned in about 15 minutes with two pints of whisky which he carried into the kitchen where it was delivered to the witness Dennis. When the purchaser left the cafe and when he was approached by the constable, he attempted to break the bottles, but was prevented from so doing by the officers. Mr. Cole, the constable, testified as follows: "On December 2, 1933, I saw L. F. Dennis after he came out of the Blue Eagle Cafe owned by Pat Dew. I took two pints of whisky off of his person. I had a conversation with Mr. Dennis at the courthouse lawn before he went to the cafe. I gave him two one dollar bills and told him to go over there and buy two pints of whisky." Oscar Bethany testified for the appellant that he was employed as cook at the Blue Eagle Cafe; that the witness L. F. Dennis came into the kitchen of said cafe on December 2, 1933, took a bottle from his pocket, turned it up to take a drink, and when he turned he offered Bethany a drink. Bethany told him that he did not drink, that Mr. Dew did not allow any drinking in there; that Mr. Dew did not sell Mr. Dennis any whisky back there in the kitchen. Rubin Moore testified that he was a waiter at the Blue Eagle Cafe; that he saw Mr. L. F. Dennis in the cafe on that day; that Dennis entered the restaurant, went back into the kitchen, and the witness followed him to turn in an order for a customer; that he saw Dennis standing holding a bottle of whisky; that Bethany motioned to him, Moore, to get Mr. Dew, which he

did, and Mr. Dew ordered the prosecuting witness, Dennis, to leave the premises.

By bill of exception No. 1 the appellant complains of the action of the trial court in permitting the State to prove by L. F. Dennis that he had a conversation with J. W. Cole, the constable, on the courthouse lawn where Cole gave him two one dollar bills and told him to go to the Blue Eagle Cafe and buy two pints of whisky from Mr. Pat Dew, which he did. By bill of exception No. 2 the appellant complains of the action of the trial court in permitting the State to also prove the same facts by J. W. Cole, the constable. The court qualified said bills of exception as follows: "Defendant denied making any sale and offered evidence that the prosecuting witness Dennis tried to sell the whisky while in defendant's place of business; also that the witness Dennis at different times gave different versions as to his attempt to destroy the whisky found in his possession by Cole after leaving the defendant's place of business." The bills of exception show that the conversation between Cole, the constable, and the prosecuting witness, Dennis, took place on the courthouse lawn and not in the presence or within the hearing of the appellant. The two one dollar bills which Cole claims were given by him to Dennis with which to purchase two pints of whisky were not marked and were not found in the appellant's possession. It is our opinion that the appellant's position is well taken and his contention that the same was hearsay and prejudicial must be sustained. It is obvious that the conversation between Cole, the constable, and the prosecuting witness on the courthouse lawn in the absence of appellant and not within his hearing was hearsay and not binding on him, and in support of our views we refer to the following cases: Patrick v. State, 78 S. W., 947; Childress v. State, 47 S. W. (2d) 842.

By bills of exception 4, 5, 6, 7, 8, and 9 the appellant complains of various statements of the prosecuting attorneys in their argument to the jury. The most harmful of which the appellant complains is the following: "The big bad wolf has been running wide open and there was some comment about it and they thought they ought to catch him. If Mr. Cole thought Pat Dew was selling whisky to school children and they were getting boozed up, he ought to have caught him." There was no testimony in the record that Pat Dew ever sold any whisky to school children or that any school children were getting boozed up. The argument was not based on any testimony. It was a statement to the jury that Mr. Cole had some

information that appellant had sold whisky to school children who became intoxicated, which for some reason unknown to the jury had not been brought out in the testimony. It was an appeal which was calculated to arouse the passion and prejudice of any juror who has the welfare of the youth of this country at heart. That said argument was harmful is obvious. The other arguments complained of were almost equally as prejudicial and were not based upon any testimony. We therefore sustain the appellant's contention.

For the errors hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.