CALVIN WILLIAMS V. THE STATE.

No. 17584.   Delivered May 22, 1935.

The opinion states the case.

*McGaugh & Darroch* and *J. Edwards Johnson,* all of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KREUGER, JUDGE.—The appellant was tried and convicted of the offense of unlawfully selling whisky, and his punishment was assessed at confinement in the State penitentiary for a term of two years.

The testimony adduced by the State shows that C. M. Dodd was employed by the sheriff of Brown County to obtain evidence against persons who engaged in the sale, transportation, or manufacture of whisky. For such services, he, the said Dodd, received the sum of three dollars per day and all of his expenses, and in addition thereto enough money with which to purchase whisky from any and all persons engaged in the sale thereof. On the 16th day of March, 1934, he, the said Dodd, invited one Wright Jones to go with him to the home of Carl Williams for the purpose and with the view of getting a drink of whisky; that on said occasion he, the said Dodd, purchased from apellant at the home of Carl Williams a pint of whisky, part of which he drank and the remainder he carried to the sheriff, which set the machinery of the law in motion and resulted in an indictment and prosecution in this case. The appellant denied that he sold any whisky to Dodd and in addition introduced Wright Jones as a witness who testified that he went with Dodd to the home of Carl Williams where they obtained a drink from one of two strangers who were in the house and whom the witness did not know, but that he did not, while there with Dodd, see any transaction between Dodd and any of the persons present by which Dodd obtained a pint of whisky.

By a proper bill of exception the appellant complains of the closing argument of the district attorney in which the following language was used: "Calvin Williams has been bootlegging here in Brownwood since the memory of man runneth not to the contrary." The appellant promptly objected to same because it was by way of argument introducing facts before the jury which were not testified to by any witness. The objection was overruled by the court and the appellant duly excepted. It is our opinion that the learned trial court erred in his ruling. The remarks of the district attorney were in the nature of unsworn testimony to the effect that the appellant was an habitual bootlegger, and this was thrown into the scales against the appellant, with the apparent approval of

the trial court, on the most closely contested issue in the case. Hence, it is apparent that the argument complained of was of such hurtful and prejudicial nature as to require a reversal of the judgment of conviction, and in support of the views herein expressed we refer to the case of Beckham v. State, 70 S. W. (2d) 717; Dew v. State, 77 S. W. (2d) 1051; Pendleton v. State, 26 S. W. (2d) 240; McKinley v. State, 106 S. W., 342.

In view of the disposition we are making of this case we do not deem it necessary to discuss any of the other matters complained of with reference to the selection of the jury as they will most likely not arise upon another trial.

For the error hereinabove indicated, the judgment of the trial court is reversed and the cause is remanded.

*Reversed and remanded.*

MORROW, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.