LANGLEY V. STATE

NO. 07-00-0164-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 30, 2001

______________________________

DALE TRAVIS LANGLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 237
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 95-420,733; HONORABLE SAM MEDINA, JUDGE

_______________________________

Before QUINN and REAVIS and JOHNSON, JJ.

Upon a plea of guilty, a jury convicted appellant Dale Travis Langley of two counts of indecency with a child and sentenced appellant to twenty years confinement and a $5,000 fine for each count.  Presenting one point of error, appellant contends the prosecution engaged in improper jury argument during the punishment phase of trial.
(footnote: 1)  Based upon the rationale expressed herein, we reverse and remand as to punishment, and affirm in all other respects.

The facts of appellant’s case are not in dispute and need only be briefly mentioned.  Appellant pled guilty to two counts of indecency with a child and requested punishment for his crimes be assessed by a jury.  The jury returned a verdict for the two second degree felonies and assessed the maximum term of punishment of twenty years confinement and a $5,000 fine for each count.
(footnote: 2)  

 The argument complained of here occurred during the State’s closing and is as follows:

STATE: . . . But be that as it may, the Defense comes before you here today and says you can infer he hasn’t committed any offenses.  Here’s another side you can infer.  
You can infer he hasn’t been caught
.

DEFENSE COUNSEL: Arguing outside the record, Your Honor.

THE COURT: That is.

STATE: That’s asserting an inference you can draw just as well as you can draw [sic] that one.

THE COURT: I will overrule.

STATE: Thank you, Your Honor.  
He hasn’t been caught
.

The purpose of closing argument is to facilitate the jury's proper analysis of the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the admitted evidence alone.  Campbell v. State, 610 S.W.2d 754, 756 (Tex.Cr.App.  [Panel Op.] 1980); Taylor v. State, 911 S.W.2d 906, 911 (Tex.App.--Fort Worth 1995, pet. ref'd).  To be permissible, jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to opposing counsel's argument; or (4) plea for law enforcement.  Cantu v. State, 939 S.W.2d 627, 633 (Tex.Cr.App. 1997).  

Here, the State argues that its comments “fall squarely within an answer to argument of opposing counsel.”  The argument in which the State “answers” defense counsel’s closing argument is as follows:

DEFENSE COUNSEL: . . . I submit you can infer this man’s a danger to the community under exactly one set of circumstances; when he’s intoxicated. . . . The record of his last several years, criminal record, is resounding silence. . . . It’s perfectly obvious from the evidence that nothing’s happened in the last five years. . . . Five years have gone by, no evidence from the State of any later arrests.  Is that not terribly suggestive?

The State would have us believe defense counsel’s argument that the “absence of a criminal record” over a period of time is the same as the prosecutor’s argument of “not being caught” during the same period of time.  Counsel is allowed wide latitude in drawing inferences from evidence so long as they are reasonable, fair, legitimate and offered in good faith.  McFarland v. State, 845 S.W.2d 824, 840 (Tex.Cr.App. 1992).  However, under the State’s reasoning, every person without a criminal record would be presumed guilty of extraneous offenses simply because they haven’t been caught.  This reasoning is flawed.  Therefore, we find that the trial court erred in not sustaining the objection to the prosecutor's statement that appellant “hasn’t been caught” because the State's argument improperly implied the existence of extraneous offenses outside the record.

We next determine whether this error was harmful.  Rule 44.2(a) of the Rules of Appellate Procedure provides constitutional error that is subject to a harmless error review requires reversal unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.  Any other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.   Tex. R. App. P. 44.2(b). Remarks that fall outside the permissible bounds of jury argument are not constitutional errors.  Mosley v. State, 983 S.W.2d 249, 259 (Tex.Cr.App. 1998); 
see also
 Martinez v. State, 17 S.W.3d 677, 692 (Tex.Cr.App. 2000).  Such remarks constitute "other errors" that fall within Texas Rule of Appellate Procedure 44.2(b).  
Mosley
, 983 S.W.2d at 259.  Therefore, we must disregard error that does not affect the accused's substantial rights.  Tex. R. App. P. 44.2(b).  

A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. King v. State, 953 S.W.2d 266, 271 (Tex.Cr.App. 1997).  A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect.  Johnson v. State, 967 S.W.2d 410, 417 (Tex.Cr.App. 1998). To determine if the State's improper argument affected appellant’s substantial rights, we look to three factors:  (1) the severity of the misconduct, (2) measures adopted to cure the misconduct, and (3) the certainty of conviction and punishment assessed absent the misconduct.  
Mosley
, 983 S.W.2d at 259; 
see also
 Garrett v. State, 632 S.W.2d 350, 353-54 (Tex.Cr.App.  [Panel Op.] 1982).

It is error for the State to make statements during jury argument that would lead the jury to speculate on extraneous offenses or other matters that are not in evidence.  Lomas v. State, 707 S.W.2d 566, 568 (Tex.Cr.App. 1986); Hamilton v. State, 818 S.W.2d 880, 882 (Tex.App.--Houston [14
th
 Dist.] 1991, pet. ref'd).  Inviting speculation is even more dangerous than injecting matters not in the record because it leaves the extraneous facts to the imagination of each juror.  Berryhill v. State, 501 S.W.2d 86, 87 (Tex.Cr.App. 1973). 

The purpose of a closing argument is to facilitate the jury in properly analyzing the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the evidence alone and not on any fact not admitted into evidence.  Campbell v. State, 610 S.W.2d 754, 756 (Tex.Cr.App. [Panel Op.] 1980).  One of the main reasons for restraining the prosecutor and demanding a high standard of care in closing argument is that, due to the position of a prosecutor as a public official, an allusion to extrinsic evidence and interjection of his own views may be given undue weight by the jurors.  
See
 Monkhouse v. State, 861 S.W.2d 473, 478 (Tex.App.--Texarkana 1993, no pet.); United States v. Herberman, 583 F.2d 222, 230 (5th Cir. 1978).  The statement here was calculated to convey the impression that appellant was still breaking the law and that he just had not been caught.

The offense for which appellant was on trial occurred nearly five years prior to the trial.  The main thrust of the defense at the punishment stage of the trial was to show that appellant had become a sober person who had cleaned his life up and, in essence, that he had made a change for the better.  All the testimony presented showed that appellant had not had any problems with violations of the law or unseemly conduct during the last five years.  The statement by the prosecutor to the jury undermines this defense by inviting the jury to speculate that he deserved to be punished, not only for the conviction on trial, but also because he was continually committing indecency with children and just had not been caught yet.  

The implied existence of appellant continually committing felonious acts was clearly outside the record and impermissible. Simpson v. State, 493 S.W.2d 793 (Tex.Cr.App. 1973).  The argument forwarded by the prosecutor amounted to unsworn testimony that appellant was guilty of more felonious transactions than those in evidence.  Williams v. State, 128 Tex.Crim. 577, 82 S.W.2d 975 (1935).  The State should avoid presenting an argument that encourages the jury to include in a verdict additional punishment for collateral crimes or for a defendant being a criminal generally.  
Lomas
, 707 S.W.2d at 568.

After the trial court erroneously overruled appellant’s objection to the State’s argument, the prosecutor again stated, “He hasn’t been caught.” This prosecutorial argument not only compounded the error by again stating that appellant had not been caught, but also was calculated to be highly prejudicial because it implied that appellant continued to commit indecency with a child when, in fact, there was no evidence of such activity before the jury.  The jury denied probation for which appellant had applied and assessed the maximum punishment of twenty years confinement.  We cannot say that appellant’s substantial rights were not violated by this argument and by his receiving of the maximum range of punishment for the crimes committed.  
See
 Monkhouse v. State, 861 S.W.2d 473, 479 (Tex.App.--Texarkana 1993, no pet.) (harm shown where punishment was assessed at fifteen years when maximum range was twenty years).  Therefore, appellant’s sole point of error is sustained.

Accordingly, that portion of the judgment regarding punishment is reversed, and the case is remanded for a new trial on punishment only; in all other respects the judgment of the trial court is affirmed.

Don H. Reavis

         Justice

Do not publish.

FOOTNOTES
1: The State does not challenge the formalities of the way appellant states his point of error.

2: Tex. Pen. Code Ann. § 12.33 (Vernon 1994). Second Degree Felony Punishment

(a) An individual adjudged guilty of a felony of the second degree shall be punished by imprisonment in the institutional division for any term of not more than 20 years or less than 2 years.

(b) In addition to imprisonment, an individual adjudged guilty of a felony of the second degree may be punished by a fine not to exceed $10,000.